Russell G. Hunt, J.
This claim is to recover damages for serious injuries to the claimant who was a passenger in an automobile which was proceeding westerly on State Highway Route No. 17, about two miles east of Monticello, Sullivan County, when it skidded and collided with a guardrail along the southerly side of the highway. The accident occurred on December 31,1956, at about 5:15 p.m.
*394 The claim alleges negligence in the construction, maintenance and repair of the highway “ in such a reckless and dangerous manner as to create and perpetuate a dangerous condition * * * to wit, the formation of icy patches upon and across said highway ”; further, that the State failed to remove accumulated ice and failed to erect adequate signs to warn users of the highway of dangers and hazards to be encountered.
Upon the trial, however, it was established, that on the day in question the entire area from about Middletown westwardly to Monticello and beyond had been subjected to two severe snowstorms commencing at about 4 o’clock in the morning. The first storm lasted until 11:00 a.m., or thereabouts, and left the highway in an extremely slippery condition. The second storm commenced at about 3:30 p.m., and lasted until approximately 11:00 p.m. The automobile in which the claimant was a passenger first encountered the second storm at about 3:30 p.m., at Middletown and the speed of the car thereafter ranged between 10 and 20 miles per hour because of road hazards created by the storms.
The second storm was described by one of the claimant’s witnesses as a “ heavy snow ” — the snow came down “ very, very hard” — the snowflakes were “very, very heavy” and wet — ‘ ‘ it was wetter ’ ’ than usual for the time of the year. One of claimant’s companions described the weather and driving-conditions as “bad”.
On the State’s case there was concurring evidence; the testimony was that it was “ snowing very hard ” — the storm was a “ vast flash storm ” — a “ very heavy wet snow ” — a “ general storm ” — the snow fell “ heavy and fast ” and the roads became hazardous to drive upon.
The claimant’s case included, also, evidence that the State’s local highway maintenance crew had been called out at 4:00 a.m., to commence spreading a combination of coarse sand and rock salt on the highway, including the place where the accident occurred, and, by 11:00 a.m., all the highways had been sanded. Claimant does not complain of the material used or the method of spreading it. After the second storm started the sanding process was repeated. The State’s standard procedure in sanding was to spread the mixture first on steep grades and sharp curves and upon the completion thereof then to sand all other sections of the highways which were classified as secondary sanding places. When the second storm commenced the maintenance crew was called again and immediately resumed the sanding- of the primary places and had not reached that part of the highway in question, being a secondary place for sanding *395 because it was not a steep grade, before the accident. The State’s classification for, and, method of, sanding were not questioned by the claimant and are not in issue herein.
The claimant established there was no sign warning that the highway might become slippery under adverse weather conditions. The purpose of such a sign is to warn the unwary of dangers and hazards to be encountered. The evidence established, however, that the claimant and his party were well aware of the hazardous conditions then prevailing on the highways, and, under the circumstances, a sign could do no more and would have been superfluous (Applebee v. State of New York, 308 N. Y. 502). The absence of a sign did not contribute to the accident and was not negligence.
Under the weather conditions prevailing there was an element of hazard which was obvious and reliance could not be placed on the presumption of the safety of the highway (McFarlane v. City of Niagara Falls, 247 N. Y. 340). The cause of the accident cannot be attributed to the State under the facts herein (Quigley v. State of New York, 281 App. Div. 185, affd. 308 N. Y. 846; La Tournerie v. State of New York, 1 A D 2d 734).
The claimant has failed to establish by a fair preponderance of the evidence any negligence on the part of the State, and, the claim is dismissed.
The foregoing constitutes the decision of this court and upon which judgment may be entered pursuant to section 440 of the Civil Practice Act. Let judgment be entered accordingly.