Richard S. Heller, J.
Claimant was the operator of a tractor-trailer combination being driven easterly on State Highway Route No. 17, about 6.1 miles west of Addison, New York, on December 18,1957, at approximately 6:00 a.m., when the tractor-trailer went out of control, collided with some guardrails and burned.
This claim is for personal injuries and other damages suffered by the claimant. Tried with this claim but decided in separate memoranda were claim No. 37176, Falconer Plate Glass Corp., et al; claim No. 37179, Continental Casualty Company; and claim No. 37242, Home Insurance Co. of New York. All of the claims were predicated on the negligence of the State of New York in the construction and maintenance of the highway and on the failure to give adequate notice of a dangerous condition of the highway.
At the scene of this accident, Route No. 17 provided the State with a continuing problem. Although Route No. 17 was a two-lane macadam road throughout this area, there was a dirt strip about 150 feet long that settled periodically and required new fill to bring it to grade. This settlement was for the full width of the travelled area.
The day prior to the accident the State brought in great quantities of gravel and spread it over the entire 150 feet. The *130 plan of improvement, according to the State’s witness, was to pnt in six inches of gravel which conld then be packed by rolling, then another six inches would be added and rolled, and a final six inches would complete the job.
Just what was left undone in the process of providing a suitable road does not appear. It does appear that the employees of the State left their work in the afternoon of December 17, 1957 leaving loose gravel several inches deep as a highway and that passenger cars could not be controlled at ordinary speed on this road.
Claimant, driving a tractor-trailer downgrade at moderate speed, entered upon this loose gravel, lost control of his vehicle, crossed over to the northerly side of the highway and collided with some guardrails. As a result, the trailer turned over on its side and the tractor caught fire. The fire went onto the trailer and destroyed it and the freight that it carried.
It is shown that the tires on the tractor-trailer sunk into the loose gravel somewhere between three and five inches and that such depression followed the course of the tractor.
Prior to this accident there were two signs located on the southerly side of Route No. 17, west of the accident site. At a point where the 150-foot dirt highway started there was a small “Bump” sign that had been in the same location for many years; 200 feet west of this “ Bump ” sign was a sign which said “ Rough Pavement — % mile”. This sign had been in place for a long period of time. No further warning of any kind was given to the traveling public that the old, hard-packed dirt section of Route No. 17 had been replaced by loose gravel.
Claimant Greene had travelled this road two or three times a week in transporting goods from Jamestown to Binghamton. He was aware of the dirt section and when he last travelled over the section it was hard-packed and could be negotiated at legal speed. He also knew of the signs, but these had been there to warn him of the dirt section. He did not know when he drove along in the dark morning of December 18, 1957 that the State had dumped some 18 inches of gravel on the dirt section.
The court finds that the State is guilty of negligence in failing to properly warn the traveling public of a dangerous condition that it created. (Snowden v. Town of Somerset, 171 N. Y. 99.) The State had a duty to implement the existing signs to warn of the new and unsafe condition. (Trimble v. State of New York, 263 App. Div. 233; Miller v. State of New York, 231 App. Div. 363.) The court finds that the claimant is free of any negligence contributing to the accident and that the negligence of the State *131 was the sole proximate cause of the accident. (Ganepa v. State of New York, 306 N. Y. 272.)
Claimant’s injuries consisted of two fractured ribs, multiple abrasions, severe sprain of the right ankle, multiple burns which included second degree burns of the left hand and shock. His complaint of pain included back, chest, abdomen, ankle, shoulder and neck. There are some scars left and he has recurring pain but recovery has been good.
Hospital bills for six days amounted to $146; doctor bills amounted to $47.44 and lost wages amounted to $600.
Claimant has been damaged in the sum of $4,000 and is entitled to an award in that amount. The claim was duly filed and has not been assigned.