■ JACQUELYN F. FROHM, as Administratrix of the Estate of ROBERT E. FREIDA, Deceased, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46893.) — Judgment unanimously reversed on the law and facts, without costs, and claim dismissed. Memorandum: From the testimony of an investigating officer it appears he found decedent's car had been traveling northbound on a two-lane State highway, went off the east shoulder of the road, eventually striking the right abutment of a bridge and dropping into a creek which flowed under the bridge. The car had struck three guard posts 10 feet apart along the approach to the bridge abutment and from marks on the shoulder had left the highway about three car lengths before striking the first guard post. In view of the distance of decedent's car from the bridge when he left the highway it is clear that another foot in width on each side of the bridge would not have prevented the accident. The curve as testified to by the expert witnesses was a 3 degree or a 3.8 degree curve and both claimant and the State agreed that such a curve could safely be negotiated at 60 or 65 miles per hour. Claimant asserts that the combination of the curve and the bridge required the reduction of the speed limit from the posted limit of 50 miles per hour to 35 miles per hour or less. The testimony of claimant's expert does not demonstrate why the situation of the bridge being one foot rather than two feet wider on each side than the pavement required the reduction in speed and certainly there was no showing of causal relationship between the width of the bridge, concededly wider than the road, and the occurrence of the accident. The proof showed that there was no previous accident on the southerly approach to the bridge. As pointed out in *Ruback* v. *McCleary, Wallin & Crouse* (220 N. Y. 188, 195): " The rule is well settled that where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible. If the matter is left in doubt and it is just as probable that the injury was the result of one cause as the other, there can be no recovery." The record clearly demonstrates that claimant failed to establish that the accident resulting in decedent's death was caused wholly or in part by any negligence on the part of the defendant State of New York. (Appeals from judgment of Court of Claims in wrongful death action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.