Joseph P. Imperato, J.
This court awarded $32,500 to plaintiff Diane Berliner after a nonjury trial of the damage portion of this negligence action, as against the prime defendants Kacov and the City of New York. The court reserved decision on the city’s application for the allocation of the damages as between the City of New York and the third-parties Levine, on the basis of the following relevant facts:
In the antecedent liability portion of the action, a jury verdict was found in favor of the plaintiffs. The liability of the respective defendants was assessed by the jury at 85% as against Kacov and 15% against the City of New York, pursuant to the doctrine and procedure laid down in Dole v. Dow Chem. Co. (30 N Y 2d 143). As instructed, the jury also considered and arrived at ,a division of the city’s 15% liability, by apportioning 71/s%, or one half thereof, to the third-party defendants Levine, in accordance with Dole v. Dow (supra).
•Since the damage portion resulted in a verdict of $32,500, simple arithmetic, using the afore-mentioned percentages, yields the following result:
Kacov 85%= $ 27,625.00
City 15%=$4,875, of which
% allocated to Levines, leaving for city
Levine 7 %%=
2.437.50 2.437.50
Total $32,500.00
Had each of the defendants been possessed of, or could be made to pay, the respective amounts computed above, no problem would have arisen nor become the basis of the present application. However, Kacov, whose liability of 85%, when translated into money, was $27,625, .was insured only to the extent of $10,000 (costs and disbursements not considered). That sum *893 was readily offered and made available to the plaintiff by Kacov’s insurer, which also supplied, the information that Kacov had left the United .States, was impecunious, has no assets with which to respond to the judgment for the sum found due to the plaintiff from him, and that no other sum than the $10,000 was available for application to the judgment.
These facts, therefore, thrust upon the city the necessity for making payment of the balance of $22,500 (Kelly v. Long Is. Light. Co., 31 N Y 2d 25). This the city does not contest, realizing itself to be so obligated. It does, however, contend that Levine, the third-party defendants, being responsible for one half of the city’s share, are likewise responsible for one half of the $22,500 for which the city became obligated, and that such allocation should now be made.
Conceding .that the facts of this matter as .set forth are extraordinary, there is no basis for assessing a portion of the city’s liability to the plaintiff over to third-party defendants. In essence, the liability of the city and Kacov is joint and several to the plaintiff. Payment of that judgment is the obligation of both the city and Kacov, or either of them (Kelly v. Long Is. Light. Co., supra). Too, in Fox v. Western New York Motor Lines (257 N. Y. 305, 308), Judge Crane, in referring to section 211-a of the Civil Practice Act (now CPLE 1401) regarding contribution among defendants, stated: ‘ ‘ The conditions .stated in this section must exist before the right of contribution is given. The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them.”
If one defendant were to pay the entire judgment, he would be entitled to contribution from the other defendant against whom judgment was had jointly and severally. This was so even before Dole v. Dow (supra) except that then, no apportionment of the liability of the defendant was provided for. A judgment against two defendants was the equal burden of each. With the advent of Dole and the apportionment of liability, a new rule came into being. Blame for an accident was to ,be apportioned. In so stating, Dole, however, did not interfere with the right of a defendant to implead or join third parties (CPLE 1007). It only removed the necessity for recourse to the active-passive theory of negligence, thus permitting anyone to be joined who in any way participated in causing the accident, i.e., actively or passively.
In a .split o.r separate trial, as stated in Dole, courts or juries may assess the percentage or degree of fault of each party, *894 as took place in the case at bar. It is highly significant that the Levines did not become a party at the instance of the plaintiff. The plaintiff made no complaint against the Levines and sought nothing from them. Therefore, the Levines did not become responsive to the judgment of the plaintiff and do not bear several liability with the city and Kacov. It is only because of the direct liability to the plaintiff that the city must meet the remainder of the judgment left, after the application of the $10,000 (Kelly v. Long Is. Light. Co., supra).
The prime defendants, the city and Kacov, are held to their common-law joint and several liability to the plaintiff (Libermen v. County of Westchester, 71 Misc 2d 997).
To increase the claim against the Levines to $11,250 in face of their limited obligation to the city (not the plaintiff) of only $2,437.50 is (to impose upon them an obligation to the plaintiff which is not theirs. Before there can be any apportionment of damages among wrongdoers, it must be legally possible that they can be held jointly and severally liable to the plaintiff for the same damage (Carrols Equities Corp. v. Villnave, 76 Misc 2d 205, 207).
CPLR 1401, which replaced section 211-a of the Oivil Practice Act, provides: “ that no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of1 the entire judgment. ’ ’
In Martindale v. Griffin (233 App. Div. 510, affd. 259 N. Y. 530), the purpose and purview of the Legislature in section 211-a of the Civil Practice Act was held to be that each active tort-feasor should pay his proportionate share of the injured parties’ damage, and that no defendant be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire amount. In the face of this holding, to rule otherwise would be to increase the liability. This is not the court’s view of the intendment of either Dole or Kelly. Only the old arithmetical way of dividing a judgment among tort-feasors was changed. Presently, assisted by Dole, the way has been opened to assess and limit contribution to the degree or proportion of fault of each participant.
The position to which the city has f allen heir may not be passed on to the Levines except to the extent allocated by the jury.
If added authority is needed, one need but refer to Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3019.43), which provides in part: “ Joint tort-feasors vis-a-vis the plaintiff remain jointly and severally liable [Kelly v. Long Island *895 Light. Co., 31 NY 2d 25; Stem v. Whitehead, 40 A D 2d 89, etc.]. A plaintiff therefore retains the right to recover all his damages from any individual tort-feasor of his choosing.” (Bracketed matter from footnote.)
Here we see that since judgment is against the city and Kacov, plaintiff has no right to enforce it against the Levines.
That the plaintiff will be able to collect from the city because of Kacov’s lack of funds (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, supra) creates no corresponding right to the city to impose its obligation upon the Levines, whose liability, despite the unusual turn of events, remains at $2,437.50. If this appears to be inequitable, this court can provide no remedy. The arguments and cases cited in the Corporation Counsel’s memorandum, although ably put forth, are not deemed compelling enough to rule otherwise.
The application made by the city at the close of the damage portion of the trial is denied.