■ DIANE BERLINER et al., Plaintiffs, v SARA KACOV et al., Defendants. CITY OF NEW YORK, Defendant and Third-Party Plaintiff Appellant-Respondent; NATHAN LEVINE et al., Third-Party Defendants Respondents-Appellants, et al., Third-Party Defendants.—In a negligence action to recover damages for personal injuries, etc., in which plaintiffs recovered a verdict against the defendants, the defendant third-party plaintiff City of New York (the City) and the third-party defendants Levine appeal, as limited by their notices of appeal and briefs, from so much of an order and amended judgment (one paper) of the Supreme Court, Kings County, entered February 3, 1975, after a jury trial on the issue of liability and a nonjury trial on the issue of damages, as (1) apportioned liability as between the City and the Levines at 50% each and (2) denied the City's motion to increase the Levines' share of the liability. Order and amended judgment modified by deleting the fourth and fifth decretal paragraphs of the amended judgment which, *inter alia,* apportioned liability against the third-party defendants Levine, and by substituting therefor provisions (1) reinstating the original jury verdict in the third-party action, which verdict apportioned the liability as between the City and the third-party defendants Levine at 100% and 0% in favor of the Levines and (2) dismissing the third-party complaint as against the said third-party defendants. As so modified, order and amended judgment affirmed insofar as appealed from, with costs to the third-party defendants Levine. Plaintiffs were injured when their parked car was struck by a vehicle, owned by defendant Sara Kacov and operated by defendant Siva Kacov, on an icy section of Clarendon Road, between 53rd and 54th Streets, Brooklyn. Plaintiffs sued the Kacovs and the City, which impleaded the Levines and the Markowitzes, owners, respectively, of adjoining properties at 5213 and 5215 Clarendon Road, which are between 52nd and 53rd Streets. At the trial there was undisputed testimony by a number of

witnesses that, for several weeks prior to the accident on February 10, 1971, water had been flowing into the street, apparently through a break in the pavement, at a point across the street from the Levines' property, approximately 40 feet therefrom, and about three feet from the fire hydrant in front of 5214 Clarendon Road. Mr. Levine notified the Department of Water Supply, Gas and Electricity and, on January 23, 1971, an employee of the department inspected the services at 5213 and 5215 Clarendon Road. He was unable to determine in which of the two services the leak was located and was, therefore, unable to give notice to either set of abutting owners; he recommended, in his report to the office, that there be digging to pinpoint the source of the leak. A police officer testified that a water leak or break was reported on several occasions prior to the accident and after January 24, 1971; on January 27, 1971 the water had turned to ice. Mr. Levine testified that he called the water department a second time before the accident. On February 15, 1971, five days after the accident, the City excavated the area, determined that there was a break in the service pipe leading to the Levines' property, and gave them notice. The jury found against the Kacovs and the City in the prime action and assessed their respective liabilities at 85% and 15%. In response to instructions to bring in a verdict in favor of the City and against the Levines in the third-party action, and to apportion the City's 15% liability between it and the abutting owners, the jury found 100% to 0% in favor of the abutting owners. After the trial court refused to accept this verdict and instructed the jury that it must find in favor of the City, the jury apportioned responsibility at 50% and 50% as between the Levines and the City. It is an elementary principle that the City's responsibility with respect to its streets is not one of strict liability; rather, its liability is predicated upon its negligent failure to maintain the streets in a reasonably safe condition (see 27 NY Jur, Highways, Streets and Bridges, § 473). The trial court correctly instructed the jury that, to hold the City responsible, it must find that the City was negligent; there was ample evidence to support the jury's verdict against the City in the primary action. Where damages are caused by a leak or break in an ordinary household pipe, strict liability does not apply and the abutting owner is not responsible unless he has been negligent (see Prosser, Torts [4th ed], p 510). Whether the City is entitled to indemnification, either partial or full, from the Levines was a question of fact for the jury (see *Dole v Dow Chem. Co.*, 30 NY2d 143, 153; *Kelly v Long Is. Light. Co.*, 31 NY2d 25, 29). The City was not entitled to indemnification as a matter of law and, therefore, it was error for the trial court to have instructed the jury to bring in a verdict in favor of the City and against the Levines. The error, however, was cured by the jury's initial verdict finding the City "one hundred percent negligent, Mr. Levine zero." It follows that the rejection of this verdict constituted reversible error. The court in *Dole* anticipated that, in considering apportionment of responsibility, "There might, of course, be a finding leading to no apportionment or to full indemnity" *(Dole v Dow Chem. Co., supra,* p 153). The verdict apportioning liability equally between the City and the Levines must, therefore, be set aside and the original verdict of no apportionment against the Levines reinstated. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur. [79 Misc 2d 891.]