■ JOYCE FISHER, as Administratrix of the Estate of DANIEL C. FISHER, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59313.) — Appeal from a judgment in favor of claimant, entered November 13, 1979, upon a decision of the Court of Claims. It appears undisputed that the accident happened on April 2, 1974 at about 11:30 A.M. on Route 22 at or near the intersection with Massachusetts Route 102. At the time of the accident, it was raining "moderately" and the road was wet, but from the photographs taken shortly after the accident there appears to be no accumulation of water. The decedent was driving a tractor trailer and proceeding in a northerly direction on Route 22 down a hill approximately two miles long, which, as shown in the photographs, levels off just prior to the intersection with Route 102. There is a

curve to the left, with the road banking to the left. There had been a series of accidents at this location and in 1973 the State resurfaced the road with macadam to a point at or near the bottom of the descending hill. There was evidence that passing from the macadam to the concrete pavement caused a drop in friction and that the State engineers were aware of the situation as well as the general conditions existing prior to and after macadamizing the road. There was ample evidence of notice to the State of the unusual road condition. The testimony showed that there was erected at the top of the hill a sign advising that it was two miles long and that there were, in the course of the descent, various signs as to curves and other conditions. There were not, however, any signs as to the necessity for reduction of speed at or near the scene of the accident or "road slippery when wet", which condition was well known to the State officials. As to proximate cause, the court found that the cumulative evidence supported a finding of such cause. The State raises no issue as to contributory negligence on this appeal. The claimant is entitled to the most favorable version of the evidence and in a death action the claimant is not held to as high a degree of proof as where a party can describe the occurrence. (See *Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320; *Noseworthy v City of New York,* 298 NY 76, 80.) The judgment should be affirmed for the following reasons: (1) The State had ample notice of a hazardous condition and while some changes were made to the highway it was, under the circumstances, factual as to whether the said repairs were sufficient. The evidence sustains the court's findings. (2) The State having such notice, there was a failure to place adequate warning signs that the road was slippery when wet and for a reduction of the speed limit. As noted above, this court's affirmance is limited to such findings. The contention of the appellant State that the verdict is excessive is not sustainable on the record. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.