Sara ZUCKER, Individually and as Administratrix of the Goods, Chattels and Credits which were of Hilla Zucker, Deceased, Plaintiff,

v.

Andrew CAPITELLI, an Infant over the Age of 14 Years, Individually and By his Parent or Natural Guardian, Buchanan Construction Corp., Scotty Construction Corp. and The City of New York, Defendants.

No. CV 89–0463 (ADS).

United States District Court,
E.D. New York.

Oct. 27, 1990.

Henkin & Henkin, by Norman E. Henkin, of counsel, New York City, for plaintiff.

Victor Kovner by Steven Levi, of counsel, New York City, Corp. Counsel, for defendant City of New York.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

Is a municipality liable for the failure to post signs warning of the existence of a construction fence erected by private persons on private property, when the fence allegedly obstructs the view of motorists at the intersection where the accident occurred?

Since the Court declines to impose such a duty upon municipalities and, in any event, the plaintiff has failed to show that the absence of such a warning sign was a proximate cause of the accident, the motion of the defendant City of New York for summary judgment dismissing the complaint is granted.

## I. PRELIMINARY STATEMENT

A description of the factual background of this action is set forth in this Court's memorandum decision, which ruled on the parties' earlier motions for summary judgment (*see Zucker v. Capitelli,* 736 F.Supp. 449 [E.D.N.Y.1990]). At that time, the defendant City of New York ("City"),

moved for summary judgment on the ground, *inter alia*, that the failure to erect or maintain a sign warning of the presence of the construction fence came within the coverage of the prior written notice requirements of the Administrative Code of the City of New York ("City Code") § 7–201(c). The City alleged that since it had not received prior written notice the plaintiff was barred from maintaining this action. The Court disagreed with the City, and held that "prior written notice to the City of the failure to post or maintain a sign warning of the alleged obstructed condition is not required under the City Code" (736 F.Supp. at p. 456). The Court also noted that "[o]f course, the Court does not rule on the merits of such a claim, since that issue was not presented under the posture of the City's motion" (*id.*). The City now moves for summary judgment as to the merits of that cause of action against the City.

## II. THE FACTS

Although set forth at length at 736 F.Supp. 449, the Court briefly reiterates only those facts relevant to the instant motion for summary judgment.

Driving in a westerly direction on 39th Avenue decedent Hilla Zucker approached the intersection of 211th Street in Bayside, Queens, when her vehicle was struck by the defendant Andrew Capitelli ("Capitelli"), who was operating a stolen car northbound on 211th Street while fleeing from the police. The plaintiff alleges that Zucker's view of the intersection was obstructed by reason of an 8–foot high solid wood construction fence bounding property on the southeast corner of the intersection.

The plaintiff, individually and as administratrix, commenced this wrongful death action against, among others, the defendants Buchanan Construction Corporation ("Buchanan") and Scotty Construction Corporation ("Scotty"), based on the negligent erection and maintenance of the construction fence which purportedly obstructed Zucker's view of the intersection. Scotty and Buchanan moved for summary judgment, both of which motions were denied (*see* 736

F.Supp. 449). By way of this motion for summary judgment, the City now challenges the plaintiff's theory of negligence that the City failed to post signs warning motorists of the obstructed view created by the construction fence.

## III. DISCUSSION

Issues are ripe for resolution by summary judgment if the supporting evidence shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law (*see* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 [1986]). On a motion for summary judgment, "the district judge is charged with 'issue-finding not issue-resolution'" (*Eye Assocs., P.C. v. IncomRx Sys. Ltd.*, 912 F.2d 23, 27 [2d Cir.1990] [citations omitted]). In searching for issues though, the Court must resolve ambiguities and draw all reasonable inferences against the moving party (*see Liscio v. Warren*, 901 F.2d 274, 276 [2d Cir.1990], citing *Anderson v. Liberty Lobby, Inc.*, *supra*). In opposing a motion for summary judgment, the non-movant bears the burden of coming forward with evidence showing that a genuine issue for trial does in fact exist (*see National Union Fire Ins. Co. v. Turtur*, 892 F.2d 199, 203 [2d Cir. 1989]). However, mere conclusory allegations by the non-movant do not create genuine issues for trial (*Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 [2d Cir.1990]).

With these principles in mind, the Court now turns to the City's motion for summary judgment.

 Under New York law, it is elementary that a municipality such as the City has a duty to maintain its streets in a reasonably safe condition (*see Kenavan v. City of New York*, 120 A.D.2d 24, 507 N.Y.S.2d 193 [2d Dep't 1986], *aff'd*, 70 N.Y.2d 558, 517 N.E.2d 872, 523 N.Y.S.2d 60 [1987]; *Berliner v. Kacov*, 51 A.D.2d 962, 963, 380 N.Y.S.2d 722, 725 [2d Dep't 1976]). Once the municipality has notice of the existence of a dangerous or hazardous condition of a highway, in the exercise

of reasonable care, the duty arises to place warning signals or signs (*see Wingerter v. State*, 79 A.D.2d 817, 435 N.Y.S.2d 157 [3d Dep't 1980], *aff'd*, 58 N.Y.2d 848, 446 N.E.2d 776, 460 N.Y.S.2d 20 [1983], citing *Hicks v. State*, 4 N.Y.2d 1, 148 N.E.2d 885, 171 N.Y.S.2d 827 [1958]; *see also* 65 N.Y. Jur.2d, *Highways, Streets, and Bridges* § 391, at p. 189 n. 10 [1987] [collecting cases]). The duty to post signs adequately warning of dangerous or hazardous conditions has encompassed physical obstructions on the roadway (*see, e.g., Greene v. State*, 29 Misc.2d 129, 217 N.Y.S.2d 910 [Ct.Cl.1961] [loose gravel in roadway]; *Nye v. State*, 196 Misc. 1, 91 N.Y.S.2d 398 [Ct. Cl.1949] [dirt pile]), defects in the road (*see, e.g., Cook v. State*, 301 N.Y. 780, 96 N.E.2d 90 [1950] [crack between lanes of concrete highway]), as well as the condition or layout of the street itself (*see, e.g., Bonesteel v. Fitzgerald Bros. Constr. Co.*, 86 A.D.2d 715, 446 N.Y.S.2d 564 [3d Dep't 1982] [portion of city street closed to traffic due to construction]; *Rugg v. State*, 284 App.Div. 179, 131 N.Y.S.2d 2 [3d Dep't 1954] [curves in road]).

■ In opposing this motion for summary judgment, the plaintiff has failed to provide any authority to the Court, nor has the Court been able to uncover any independently, that imposes an affirmative duty upon a municipality to post signs or otherwise warn motorists of a private construction site adjoining the highway which allegedly obstructs the view of motorists. In this Court's view, it would defy both logic and common sense to impose a duty upon the City of New York to post warning signs at or near each such construction site located at intersections warning motorists that their view may be obstructed. In view of the thousands of miles of highway within the City of New York, the imposition of such a duty would be an unwarranted burden. In the absence of any such authority, this Court declines to unnecessarily extend the duty of a municipality in this regard. Accordingly, this Court holds as a matter of law that there is no duty to post warnings under these circumstances.

■ In addition, the Court finds that under the circumstances presented in this case, the absence of a sign was not a proximate cause of the accident, as a matter of law (*cf. Campbell v. State*, 158 A.D.2d 499, 551 N.Y.S.2d 73 [2d Dep't 1990] [motorist hitting pedestrian in crosswalk is superseding act; therefore, even if "Don't Walk" signal negligently placed, it is not proximate cause of the accident]). If the failure to post a warning sign is not a proximate cause of the accident, then the City cannot be held liable regardless of the existence of a duty (*see, e.g., Hicks v. State*, 4 N.Y.2d 1, 7, 148 N.E.2d 885, 888, 171 N.Y.S.2d 827, 831 [1958] ["absence of a 'stop' sign had no bearing on the happening of the accident", hence no negligence on part of State for failure to post warnings]; *Koester v. State*, 90 A.D.2d 357, 457 N.Y. S.2d 655 [4th Dep't 1982] [if accident nonetheless would have happened, absence of warning sign can be excluded as cause]; *Cross v. State*, 21 Misc.2d 393, 197 N.Y. S.2d 587 [Ct. Claims 1959] [car skidded during snowstorm; warning sign would have been superfluous]; *see generally* 4B Warren's Negligence, *Highways* § 9.07, at p. 307 [1967] [for liability to attach for failure to post warning signs, it must appear that such signs were reasonably necessary or would have prevented the accident from happening]).

It is not contended that the City *created* or *maintained* the obstructed view, or even that the fence itself physically obstructed the roadway. Rather, the plaintiff's sole theory is that the City's failure to warn motorists that the construction fence may obstruct the view of the intersection was a contributing cause to the accident. Significantly, however, less than two hours after the accident, the defendant Andrew Capitelli admitted passing the stop sign at the intersection of 211th Street and 39th Avenue at 40–45 miles per hour and colliding with Zucker (*see* Witness Statement of Andrew Capitelli dated December 2, 1988).

Also, it is significant that the plaintiff has submitted no evidence that the absence of a sign warning that the construction fence might obstruct the view had any bearing whatsoever on the happening of

this accident. It is noted that the only opposition submitted by the plaintiff was in the form of an attorney's affirmation with no knowledge of the facts, which is not entitled to any weight on a summary judgment motion (*see Wyler v. United States*, 725 F.2d 156, 160 [2d Cir.1983]; *see also* Fed.R.Civ.P. 56[e] ["affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify"]), and an unsworn report by an expert which mentions nothing about signs.

In this regard, the plaintiff has failed to sustain her burden of coming forward with any evidence showing a genuine issue of material fact on the issue of proximate cause. Accordingly, as a matter of law, the City's failure to post a warning that a fence not located on the highway is obstructing a view of motorists, is not a proximate cause of the occurrence.

### IV. CONCLUSION

For the foregoing reasons, the motion of the defendant City of New York for summary judgment is granted and, the complaint is dismissed as against the City in its entirety. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.