■ ANTHONY PONTONERO, Respondent-Appellant, v. GLORIA E. DA PRANO, as Administratrix of the Estate of LOUIS E. DA PRANO, Deceased, et al., Respondent, and COUNTY OF ONEIDA, Appellant. (Action No. 1.) — Judgment entered May 7, 1964, and judgment entered May 12, 1964, and ruling of trial court dismissing the complaint as to the defendant, City of Utica, unanimously reversed on the law and facts and in the interest of justice, without costs, of these appeals to any party and a new trial granted to plaintiff as against defendants, Gloria E. Da Prano, as administratrix of the goods, etc. of Louis E. Da Prano, deceased, County of Oneida and City of Utica. Judgment entered May 19, 1964, dismissing the complaint as to defendant, Town of New Hartford, unanimously affirmed, without costs of this appeal to any party. Memorandum: The verdict of the jury in favor of the defendant, Da Prano, as administratrix, was based of necessity upon a finding that her decedent, the operator of the car was not negligent. This finding was against the weight of the evidence and requires a new trial. Upon all the proof we further decide that the finding implicit in the verdict of the jury that the county was negligent was against the weight of the evidence and further that the trial court erred in dismissing the complaint as to the defendant, City of Utica, upon the opening of plaintiff's counsel. This ruling from which plaintiff appeals (CPLR 5501, subd. [a], par. 3) must be reversed and a new trial granted plaintiff as against the City of Utica. While concededly the accident happened in the Town of New Hartford, as stated in counsel's opening remarks, plaintiff's proof and theory of liability demonstrated the error of this premature dismissal as to the city. The accident occurred a few hundred feet south of the boundary line between the City of Utica and Town of New Hartford. The former had sole jurisdiction of that portion of Valley View Road within the city and it was zoned for a maximum speed of 25 miles per hour. The county had jurisdiction of that portion of the highway in the town. The automobile was proceeding in a southerly direction — from the city into the town. At or near the boundary line between city and town there was a curve of 8 degrees and 20 minutes. At this point the grade of the road descended at the rate of 4.7%, leveled off in the middle of the curve and then ascended quite rapidly. So far as here material plaintiff's claims of negligent acts on the part of the county consisted of its alleged failure to construct the road with proper banking and failure to erect adequate warning signs. The county had erected a curve sign on the west side of the highway but plaintiff's proof was that this was insufficient and improperly placed. The expert

testimony was that such sign should have been placed 300 feet from the point of beginning of the curve. There was further testimony from the same source that in addition a further sign should have been erected in conjunction with the curve sign indicating a maximum speed of 35 miles per hour. The map introduced in evidence by plaintiff, however, and the testimony of the expert clearly established that the point of beginning of the curve was at station 7 + 00 which was approximately 150 feet north of the boundary line and within the city. Moreover, the testimony relating to the erection of a 35-mile-per-hour sign was completely unrealistic and of no probative force. Such a sign of necessity would have been erected north of the curve and within the city where the speed limit was 25 miles per hour. In other words a motorist proceeding (as was the vehicle herein) in a southerly direction (if obeying the law) would be traveling at 25 miles per hour as he entered the curve. But the county has been cast in liability upon a possible factual finding that it was negligent for failing to erect a sign informing a motorist in a 25-mile-per-hour zone that 35 miles per hour was a proper speed upon entering the curve that might be found to be in the 25-mile zone. It requires, of course, the citation of no authority that the county was without jurisdiction to erect a sign within the city indicating that one might travel 10 miles an hour faster than the authorized speed while entering a curve in a 25-mile-per-hour-zone. Concededly, however, another expert called by plaintiff and a county engineer called by defendant county fixed different points for the beginning of the curve. It might have been found from the testimony of the latter that such point was south of the boundary line and in the town. A factual issue is presented for determination on the new trial as to the respective liability of city and county for the erection of signs. Pertinent upon such trial will be the general rule that the reference point for the advance posting of a curve is the beginning thereof. (Cf. 15 NYCRR 231.1.) But this rule must be implemented in the light of the statutory provision at the date of the accident (Sept. 29, 1961) granting to the legislative body of the city power by local law or ordinance to fix maximum speed limits with respect to highways within the city (Vehicle and Traffic Law, § 1644). In passing we comment on the dearth of proof, other than the expert testimony as to improper banking, that the road was improperly constructed. There was no substantial proof as to the volume of traffic on this secondary road. There was evidence that the portion of the road under the jurisdiction of the county was 1.15 miles. In this distance .25 of a mile had been restricted to a speed of 30 miles per hour by the State Traffic Commission but the latter had declined so to restrict the remaining .9 of a mile. Lastly, there was no proof that others had not safely traversed the road (cf. *Barrett* v. *State of New York*, 22 A D 2d 347, 348). We are unable to determine from the record whether proof of this general character offered by plaintiff was properly rejected by the trial court. (Appeal by County of Oneida, from judgment of Oneida Trial Term for plaintiff in an automobile negligence action; also appeal by plaintiff from certain parts of the same judgment as to dismissal against City of Utica, Town of New Hartford, and no cause of action as to defendant Da Prano; also appeal by plaintiff from judgment for Gloria E. Da Prano for no cause of action.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.