■ MARY L. BONESTEEL et al., Respondents, v FITZGERALD BROTHERS CONSTRUCTION COMPANY, INC., et al., Defendants, and CITY OF TROY, Appellant. (And Another Related Action.) — Appeal from an order of the Supreme Court at Special Term (Pitt, J.), entered March 10, 1981 in Rensselaer County, which denied defendant City of Troy's motion for summary judgment dismissing the complaint and all cross claims directed at the city. Plaintiff Mary Lou Bonesteel suffered personal injuries when the car she was driving struck a raised manhole cover on Donegal Avenue in the City of Troy. At the time of the occurrence, the particular section of Donegal Avenue through which she was driving was still under construction, was unpaved and had not yet been dedicated to the city. However, sections of Donegal Avenue, both north and south of the point of the accident had already been paved and dedicated. The city, claiming it could not be held liable because the roadway was still privately owned and further that plaintiffs failed to comply with a local law requiring the furnishing of prior written notice of street defects, moved for summary judgment. Its motion was denied and this appeal ensued. We affirm. The mere fact that Donegal Avenue, at the site of the accident, had not yet been dedicated to the city is not an absolute bar to the city's liability (*Seymour v Village of Salamanca,* 137 NY 364). The injured plaintiff avers that the city failed to inform the public by signs or barricades that the unpaved connecting section of Donegal Avenue was closed and not to be used for through traffic. If proved, these averments would indicate a violation of section 125-a of the General Municipal Law, section 1682 of the Vehicle and Traffic Law and 17 NYCRR 237.9, and could result in a finding of negligence on the part of the city. And if, as the city urges, the street was indeed a private roadway, then the

defense that the local law requiring prior written notice had not been complied with would be unavailing, for it seemingly presupposes that the street is a public one. But even if this defense was otherwise available, it would be frustrated if plaintiffs can prove, as is suggested by the examination before trial of J. R. Wunderlich, Inc., the party who installed the water and sewer lines in the roadbed, that the city exerted control over the method of construction and thus affirmatively participated in creating the risk (*Siddon v Fishman Co.*, 65 AD2d 832). Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.