■ LELAND J. NACK, JR., Appellant, v TOWN OF GHENT, Appellant, TOWN OF CLAVERACK, Respondent, and COUNTY OF COLUMBIA, Defendant and Third-Party Plaintiff. ROBERT C. DOLFAX, as Administrator of the Estate of TIMOTHY B. DOLFAX, Deceased, Third-Party Defendant. (Action No. 1.) ROBERT C. DOLFAX, as Administrator of the Estate of TIMOTHY B. DOLFAX, Deceased, Appellant, v TOWN OF GHENT, Appellant, and TOWN OF CLAVERACK, Respondent, et al., Defendant. (Action No. 2.) — Appeals (1) in Action No. 1, from an order of the Supreme Court at Special Term (Hughes, J.), entered July 15, 1981 in Columbia County, which dismissed the complaint as against defendant Town of Claverack and denied defendant Town of Ghent's motion for an order, pursuant to CPLR 3124, to compel disclosure, and (2) in Action No. 2, from an order of said court, entered July 15, 1981 in Columbia County, which dismissed the complaint as against defendant Town of Claverack. On April 28, 1979, at about 6:30 P.M., plaintiffs' vehicle was proceeding westerly on Gahbauer Road in Columbia County when it failed to negotiate what is alleged to be a sharp curve to the right and overturned. This curve is located entirely within the Town of Ghent, two tenths of a mile westerly of the boundary of the Town of Claverack. As a result of the accident, plaintiffs sued the Town of Claverack as well as other named defendants. Claverack moved for dismissal for failure of the complaint to state a cause of action against it or, in the alternative, for summary judgment. On the return date, Special Term adjourned the motion to permit the Town of Ghent, another defendant, to pursue further disclosure against Claverack. After several scheduling difficulties, the examination of the Superintendent of Highways of the Town of Claverack was held on May 1, 1981. Subsequently, the motion by the Town of Claverack was renewed and its grant thereof by Special Term is the subject of this appeal. Appellants urge that Special Term erred in holding that the Town of Claverack had no duty to maintain a sign on the highway near the place of the accident. We disagree and believe that the actions against Claverack were properly dismissed. Inasmuch as the curve which allegedly caused the accident is located entirely within the Town of Ghent, there can be no doubt that it was the exclusive duty of that town to maintain the curve properly (*McDevitt v State of New York,* 1 NY2d 540, 544). This duty extends as well to the erection of adequate warning signs wherever required (*Ziehm v State of New York,* 270 App Div 876). Even if we were to accept plaintiffs' contention that in these circumstances a warning sign was required to be placed 900 feet easterly of the beginning of the curve (17 NYCRR 231.1 Appendix 3) and that such point would be in the Town of Claverack, it would be the responsibility of the Town of Ghent, not the Town of Claverack, to erect such a sign, as Special Term correctly concluded (see *Pontonero v Da Prano,* 24 AD2d 546, 547). We also find no abuse of discretion in Special Term's denial of the Town of Ghent's motion for further disclosure. Therefore, the orders of Special Term should be affirmed. Orders affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.