■ DIRK OSSMER, as Administrator of the Estate of JOHN D. OSSMER, Deceased, Plaintiff, v RODERICK L. BATES, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF COLUMBIA, Defendant and Third-Party Defendant-Respondent; TOWN OF NEW LEBANON, Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered December 15, 1982 in Columbia County, which denied a motion by third-party defendant Town of New Lebanon for summary judgment dismissing the third-party complaint of Roderick L. Bates and the cross claim of the County of Columbia. The primary action herein, commenced by plaintiff as administrator of the estate of John D. Ossmer, deceased, is an action for wrongful death and conscious pain and suffering arising out of an automobile accident that occurred on a public highway known as Route 9 in the Town of New Lebanon, County of Columbia. The Town of New Lebanon, brought into the action as a third-party defendant, moved at Special Term to dismiss the third-party complaint of third-party plaintiff Roderick L. Bates and the cross claim of third-party defendant County of Columbia. The third-party claims against the Town of New Lebanon are based upon the negligent design and maintenance of the highway and the failure to adequately warn of the dangerous condition of the roadway. The evidence presented upon the motion, including examinations before trial, reveals that Route 9 was a county highway which was owned, designed, maintained, repaired and controlled by

Columbia County. Special Term denied the relief requested finding: "the existence of triable issues in view of the Town's participation in efforts to cure an allegedly dangerous condition on the roadway in question." This appeal by the Town of New Lebanon followed. There should be a reversal. The motion for summary judgment dismissing the third-party complaint and the cross claim of the third-party defendant Columbia County should be granted and the third-party complaint and cross claim against the Town of New Lebanon dismissed. Clearly, a municipality will not be held liable for negligent design or maintenance of a highway it does not own or control in any way (see 4B Warren, Negligence in New York Courts [3d ed], Highways, §§ 3.01-3.05, 4.01, 7.03, pp 242-248, 264-265; see, also, *Pontonero v Da Prano,* 24 AD2d 546). "It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff [citations omitted]. In the absence of duty, there is no breach and without a breach there is no liability (*Kimbar v Estis,* 1 NY2d 399, 405)." (*Pulka v Edelman,* 40 NY2d 781, 782.) In the instant case, there is no showing that the town had any control over the county highway in question. Thus the town had no duty to users of that county highway to maintain the highway nor to warn of dangers arising out of the failure to properly design, construct or maintain it. The town could not correct the defective highway and, therefore, it could not be held liable for failure to do so, nor correspondingly for failure to warn of its dangerous or defective condition. The County of Columbia relies on *Bonesteel v Fitzgerald Bros. Constr. Co.* (86 AD2d 715) as support for its argument that section 1682 of the Vehicle and Traffic Law imposes a duty on the Town of New Lebanon to warn of the dangerous condition even though the town did not own the highway in question. That reliance is misplaced since in *Bonesteel (supra),* the city owned, controlled and maintained the roadway in question leading into the dangerous highway condition. Here, the town lacked any such ownership or control over Route 9. Moreover, we are of the opinion that the Vehicle and Traffic Law does not impose a duty on the municipalities where none existed before. Finally, the fact that the town joined with the county in requesting that the State Department of Transportation reduce the speed limit on the county road pursuant to section 1622 of the Vehicle and Traffic Law did not make the town liable for the condition of the county road (see *Cox v State of New York,* 110 Misc 2d 924). Likewise, the fact that the Department of Transportation sent a reply to the town advising of the need for signing the roadway, without also sending a reply to the county, did not obligate the town to advise the county of the Department of Transportation's message nor to take any action. Order reversed, on the law, motion of third-party defendant Town · of New Lebanon for summary judgment granted, third-party complaint and cross claim against third-party defendant town dismissed, with costs to the town against Roderick L. Bates and the County of Columbia. Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

Mahoney, P. J., dissents and votes to affirm in the following memorandum.

Mahoney, P. J. (dissenting). I cannot agree with the majority's conclusion that no duty of care existed on the part of the Town of New Lebanon. A determination of negligence necessarily involves inquiry into two issues: first, whether the defendant owed a duty of care to the plaintiff, and, second, whether such duty was breached by the failure to exercise reasonable care. The existence of a duty is a question of law to be determined by the court based upon the facts and circumstances of the case; whether such duty, if it existed, was breached is a question of fact to be resolved by the trier of fact unless reasonable minds could not differ regarding the conclusions to be drawn from the evidence (Prosser, Torts [4th ed], § 37, pp 205-208). Here, the majority concludes that, because the town did not own, design, maintain or control Route 9, it had no duty to

maintain the road or to warn of dangers arising out of the failure to properly design, construct or maintain it. I do not believe that the scope of the town's duty can be so narrowly restricted in this case. The record indicates that the New York State Department of Transportation formally notified the town that Route 9 lacked adequate warning signs. Also, on a prior occasion, the town formally petitioned Columbia County, which owned and maintained Route 9, to lower the speed limit on a portion of that road. Thus, while the town did not own or maintain the road, it was on actual notice of the dangerous condition and had, on a prior occasion, sought to have the county remedy a dangerous condition. Section 1682 of the Vehicle and Traffic Law imposes a duty on the part of local authorities to warn and guide traffic within their jurisdiction. Such statute does not limit the duty to roads owned or maintained by the local authority. This is not to suggest that a duty is imposed on all local authorities to warn and guide traffic on all roads within their borders, regardless of ownership or maintenance. Rather, based upon the facts and circumstances of this case, it cannot be said that the fact that the town does not own or maintain the road insulates it from any duty of care. In *Bonesteel v Fitzgerald Bros. Constr. Co.* (86 AD2d 715), this court held that, based upon the factual circumstances there present, a municipality was not immunized from liability because it did not own the portion of the road on which the accident occurred. The conclusion that the town had a duty of care does not mean that it will be found liable. Whether the duty was breached is to be resolved by the trier of fact. In the resolution of the breach issue, the fact that the town did not own or maintain the road will be relevant in determining what steps would be necessary to fulfill the town's duty of care. Accordingly, I would affirm the order appealed from.