■ NANCY J. NUREK et al., Respondents, v TOWN OF VESTAL, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered February 13, 1985 in Broome County, which, upon granting defendant's motion for renewal, adhered to its original order denying defendant's motion for summary judgment dismissing the complaint.

Plaintiffs' automobile was traveling westerly on State Route 434 in the Town of Vestal, Broome County, when an automobile operated by Paul J. Robek exited Town Hall Road to turn left into the westbound lane of Route 434. Casey Igo, operating his automobile easterly on Route 434, swerved to avoid the Robek vehicle and collided head on with plaintiffs' car, causing serious personal injuries to the occupants. It is undisputed that the State owned and controlled Route 434 and defendant owned and controlled Town Hall Road. Plaintiffs commenced one law suit against Robek and Igo in Supreme Court, and a separate claim against the State was commenced in the Court of Claims. This third action, commenced against defendant, alleges, *inter alia*, that defendant was negligent in failing to clear and/or set back trees and other flora along Route 434 at or near its intersection with Town Hall Road, thereby obstructing the view of drivers emerging from said intersection. The instant motion was made for the third time by defendant seeking summary judgment dismissing the complaint on the ground that defendant had no duty to maintain the trees which allegedly obstructed the vision of drivers, since they were located on a right-of-way owned by the State.* Special Term, upon granting defendant's motion for renewal, adhered to its prior decision and denied the motion, holding that the conflicting affidavits raised triable issues of fact as to whether defendant planted the trees in the State's right-of-way, whether the trees originally were or later became a public nuisance in spite of their location, and whether defendant voluntarily undertook a duty to maintain them. Defendant has appealed.

It has long been established that the State, a county or a municipality is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that

---

* Special Term had granted renewal of defendant's August 21, 1984 motion for summary judgment when defendant contended that plaintiffs raised an issue not contemplated by their pleadings by asserting, in opposition to the motion, that defendant had a duty to maintain the trees arising from a gratuitous undertaking in that regard. Defendant's argument that it was surprised and unprepared to rebut such contention persuaded Special Term to grant renewal.

liability will flow for injuries resulting from a breach of that duty *(Lopes v Rostad,* 45 NY2d 617, 623; *see, Atkinson v County of Oneida,* 77 AD2d 257, 259-260). The duty to maintain highways in a reasonably safe condition extends not only to the road surface and shoulders, but also to other conditions which could reasonably be expected to result in injury and damages to the public *(Rinaldi v State of New York,* 49 AD2d 361). This encompasses an obligation by the State or municipality to trim growth within the highway's right-of-way to assure visibility of stop signs and other traffic. However, to have such a duty, the municipality must own or control the highway *(Ossmer v Bates,* 97 AD2d 871, 872; *Sanchez v Lippincott,* 89 AD2d 372, 374).

Here, it is conceded that the trees were located in the State's right-of-way. Thus, the initial issue is whether defendant assumed any duty to care for them, for without a duty, there can be no breach, and without a breach, there can be no liability *(Vogel v West Mountain Corp.,* 97 AD2d 46, 48). It would appear that, lacking ownership of the right-of-way in which the trees were planted, defendant could not be held liable *(Ossmer v Bates, supra).* Plaintiffs contend that by voluntarily pruning, maintaining and taking control of the trees, defendant undertook a duty where none previously existed *(Wolf v City of New York,* 39 NY2d 568, 573; *cf. Bottalico v State of New York,* 59 NY2d 302, 305). Initially, we do not find fault with Special Term to the extent it found that triable issues of fact existed as to whether the pruning and maintenance were negligently performed and whether the original planting within the State's right-of-way resulted in a duty to the public which defendant had assumed.

However, defendant posits that the trees were not the proximate cause of the accident as a matter of law. It is undisputed that there were six trees, measuring no more than six inches in diameter, which were set back at least 30 feet from the edge of the pavement on Route 434. Whether these trees so effectively obscured vision from Town Hall Road as to prevent Robek from observing the Igo vehicle as it approached along Route 434 may indeed be a triable factual issue. But, when its conduct in maintaining the road could not be the proximate cause of an accident, the municipality may be excused from liability *(Alexander v Eldred,* 63 NY2d 460, 467). On the facts of this case, it cannot be said that plaintiffs' injuries were proximately caused by any breach of defendant's duty. Had Robek stopped before commencing a left turn to enter Route 434, the subject trees standing 30 feet from the

edge of the pavement on Route 434 could not have obscured his vision. He had ample area in which to proceed with caution and observe oncoming traffic conditions without obstruction from the trees. Therefore, the trees could not have been the proximate cause of the accident *(see, Atkinson v County of Oneida,* 59 NY2d 840, 841; *Tomassi v Town of Union,* 46 NY2d 91, 98; *Olsen v Baker,* 112 AD2d 510).

Order modified, on the law, without costs, by reversing so much thereof as adhered to the original order denying defendant's motion for summary judgment; motion granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.