■ MARK HEINDEL, Individually and as Parent and Natural Guardian of DONNA HEINDEL, an Infant, Respondent, v LAWRENCE WEIN et al., Doing Business as NEWBURGH MID-VALLEY ASSOCIATES, Appellants, et al., Defendants.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered March 18, 1985 in Sullivan County,

which denied the motion of defendants Lawrence Wein and Peter Malkin to dismiss the complaint against them.

Defendants Lawrence Wein and Peter Malkin (hereinafter defendants), doing business as Newburgh Mid-Valley Associates, were served with a summons and complaint in an action alleging that their business was the owner and in control of certain premises upon which plaintiff's daughter was assaulted, raped and sodomized and that they were thereby responsible for damages to the infant, and derivatively, to plaintiff. Defendants moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint against them on the ground of a defense founded on documentary evidence. Special Term denied the motion. This appeal by defendants ensued.

Defendants are the former owners of a shopping mall, commonly known as Mid-Valley Mall, and an adjoining parking lot in the City of Newburgh, Orange County. Bowery Savings Bank was the holder of a first consolidated mortgage on the property. Defendants defaulted on the mortgage. On August 6, 1980, Bowery commenced an action in Supreme Court, Orange County, to foreclose the mortgage. By order dated September 15, 1980, that court appointed a receiver of the property during the pendency of the foreclosure action. In addition to being charged with receiving rents and profits, the receiver was also authorized to keep the property in a proper state of repair. By judgment filed July 20, 1982, the court granted foreclosure of the mortgage and ordered that the property be sold at public auction. On September 2, 1982, the foreclosure sale was held and Bowery was the highest bidder. Thereafter, Bowery moved to vacate the final judgment of foreclosure and to file a second amended complaint so as to add additional party defendants. By order dated November 14, 1983, the court granted Bowery's motion.

On December 31, 1983, Robert Turner, a security guard employed by Interstate Security Service North and hired by the receiver to police the premises, assaulted and raped Donna Heindel. Defendants contend that the documents submitted in support of their motion to dismiss in the instant case establish, as a matter of law, that the order vacating the judgment of foreclosure had the effect of reinstating the property to the control of the receiver so as to make him liable (see, General Obligations Law § 9-101) and to relieve them of liability. We disagree.

The original appointing order, dated September 15, 1980, did not provide that the receiver would continue to manage

and control the property until further order of the court. CPLR 6401 (c) states that "[a] temporary receivership shall not continue after final judgment unless otherwise directed by the court". Defendants' contention that the order vacating the judgment of foreclosure automatically reappointed the same receiver, as a matter of law, is meritless (see, Strober v Warren Prop. Co., 84 AD2d 834). The papers demonstrate that there is a question of fact regarding who was in control of the premises. Finally, despite the fact that another Supreme Court Justice granted Bowery's motion to dismiss the complaint as to it on the same ground urged at Special Term in this matter, this court is not bound to follow such a decision under the doctrine of law of the case (see, Martin v City of Cohoes, 37 NY2d 162, 165).

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.