■ JE-LAN D. DiSTEFANO et al., Infants, by JOANN M. DiSTEFANO et al., Their Parents and Natural Guardians, et al., Plaintiffs, v JOHN J. DONAHUE, Defendant, and COUNTY OF GREENE, Defendant and Third-Party Plaintiff-Appellant. TOWN OF CAIRO, Third-Party Defendant-Respondent.—Main, J.

On August 8, 1981, the infant plaintiffs were allegedly injured when they were struck by a car on County Route 31 in the Town of Cairo, Greene County. They and their parents commenced an action against defendant John J. Donahue, the driver of the car, the Town of Cairo and the County of Greene, alleging in part that the municipal defendants negligently constructed, maintained and supervised County Route 31. Donahue cross-claimed for contribution against the county and the town. Special Term subsequently granted the town's motion for summary judgment, finding that, since the town had no ownership or control over County Route 31, it had no duty to plaintiffs with respect to design or maintenance of the road. Accordingly, plaintiffs' complaint and Donahue's cross claim against the town were dismissed.

Shortly thereafter, the county commenced a third-party action against the town for indemnification or contribution. Finding its previous decision to be the law of the case with regard to the question of whether the town had a duty to plaintiffs, and finding no independent duty on the part of the town toward the county, Special Term granted the town's motion for summary judgment dismissing the third-party complaint. This appeal by the county ensued.

We first note that Special Term's initial decision finding no duty on the part of the town toward plaintiffs is not binding on this court through the law of the case doctrine, since that decision was made by a court of subordinate jurisdiction from which no appeal was taken (see, Martin v City of Cohoes, 37 NY2d 162, 165; Heindel v Wein, 115 AD2d 211, 213). Nevertheless, we are of the opinion that Special Term correctly

decided this issue. The evidence presented on the town's initial motion for summary judgment demonstrated that the town did not construct County Route 31, did not own the road or exercise any control over it. The county constructed, owned and maintained it. This court has previously found that "a municipality will not be held [responsible] for negligent design or maintenance of a highway it does not own or control in any way" (Ossmer v Bates, 97 AD2d 871, 872). Accordingly, the town did not owe a duty to plaintiffs.

Even though the town has no duty to plaintiffs, the present third-party action would be viable if the town was found to owe an independent duty to the county with regard to the maintenance of County Route 31 (see, Garrett v Holiday Inns, 58 NY2d 253, 259; Kramme v Town of Hempstead, 100 AD2d 447, 450). However, we are of the opinion that the town did not have such an independent duty toward the county. While the statutes cited by the county do give towns certain rights with respect to county roads, none of the statutes give a town an affirmative duty toward a county to take action in maintaining county roads. Since the town never exercised any control over County Route 31, we find that Special Term correctly determined that no independent duty to the county was owing and that the third-party complaint was properly dismissed.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.