■ RICHARD A. FRETTOLOSO, Appellant, v TOWN OF HARRISON et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. COUNTY OF WESTCHESTER, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff and the defendants third-party plaintiffs the Town/Village of Harrison appeal, as limited by the plaintiff's brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered March 9, 1987, as granted those branches of the motion of the defendant third-party defendant County of Westchester which were for summary judgment dismissing the plaintiff's amended complaint as against it and dismissing the defendants third-party plaintiffs' cross claim and third-party complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs-appellants and the defendants third-party plaintiffs-appellants appearing separately filing separate briefs.

On May 6, 1983, the plaintiff was injured in a motorcycle accident on Kenilworth Road, a public street located in the coterminous Town/Village of Harrison. He commenced the instant action on or about September 23, 1983, alleging, *inter*

*alia,* that the town/village was negligent in failing to repair and maintain the public streets located within its jurisdiction. The town/village, on or about November 20, 1984, instituted a third-party action for indemnification and contribution against the County of Westchester, claiming that the county had breached its duty to supervise the repair and maintenance of town highways. The plaintiff subsequently amended his complaint to include the county as a defendant. The county thereafter moved for summary judgment in its favor, alleging, *inter alia,* that inasmuch as Kenilworth Road is a village highway rather than a town or county highway, it had no duty to maintain or to supervise the maintenance of the subject road absent either an agreement with or a written request by the town/village to that effect. By order dated March 6, 1987, the court (Palella, J.), granted the county's motion. These appeals followed.

The appellants claim that the court erred in finding that Kenilworth Road is a village highway and in granting summary judgment in favor of the county on the basis of that finding. They assert that Kenilworth Road is a town highway and that the county, by statute, had general supervisory responsibility for the maintenance and repair of this highway on the date of the accident *(see,* Highway Law § 102 [former (1)]; L 1936, ch 63). A county, however, has no such duty with respect to village highways; rather, it is required only to inspect such highways upon the written request of the village *(see,* Highway Law § 102 [2]). It is undisputed that no such request was made here. Accordingly, it is incumbent upon this court to determine whether Kenilworth Road is a town or village highway.

Village Law § 17-1706 provides, in part, that every village which has been or may hereafter be incorporated to embrace the entire territory of a town, has "all powers and duties granted to or imposed upon the town board of a town, or upon any officer of a town, in relation to any public bridge or bridges, street or streets, highway or highways, wholly or partly within such town, are hereby granted to and imposed upon the board of trustees of such village". Village Law § 6-602, moreover, provides that "[t]he streets and public grounds of a village constitute a separate highway district and are under the exclusive control and supervision of the board of trustees or other officers of the village when such control is delegated to them by such board" *(cf.,* Highway Law § 3 [5]). The Town of Harrison was incorporated as a village on July 9, 1975, prior to which date Kenilworth Road was a town high-

way. Kenilworth Road therefore became a village highway on the date of incorporation and continued to be a village highway from that date forward. Since it was a village highway on the date of the accident and the county had assumed no duty with respect to its repair and maintenance, the court properly granted summary judgment in favor of the county. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.