■ THOMAS SPAIN, Individually and as Legal Guardian of TRACIE SPAIN, an Infant, Plaintiff, v TOWN OF CAIRO, Respondent, and COUNTY OF GREENE, Appellant.—Mercure, J. Appeal from an order and judgment of the Supreme Court (Connor, J.), entered December 4, 1987 in Greene County, which granted defendant Town of Cairo's motion for summary judgment dismissing the complaint and cross claim against it.

Plaintiff commenced this action against defendants, the Town of Cairo and the County of Greene, to recover for personal injuries sustained by Tracie Spain, his infant wife, and derivative damages. The complaint alleges that Spain was injured when she drove a vehicle over a hole on the edge of County Route 24 in the town, causing her to lose control of the vehicle and strike a utility pole and tree. The complaint and bill of particulars allege defendants to have been negligent only in the care and maintenance of the highway in allowing the hole to form and exist.

After joinder of issue, the town moved for summary judgment dismissing plaintiff's complaint and the county's cross claim for contribution upon the ground that County Route 24 is a county road and the town did not design, construct, maintain, own or control it. Supreme Court granted the motion. This appeal by the county ensued.

We affirm. The affidavits of Michael Valentin, Town Supervisor, and Harold Bishop, Town Superintendent of Highways, established prima facie that, although County Route 24 passes through the town, the town did not design, build, own, maintain, inspect or in any way control it. The only competent evidence submitted in opposition to the motion was the affidavit of William Reich, County Superintendent of Highways, who acknowledged that the county maintained County Route 24 but contended that the town is and has been responsible for recommending speed limits for the roadways within the town. He concluded that "[i]f the speed of the vehicle being operated by [Spain] was a factor in [causing] the accident, it may be the responsibility of [the town] for not seeking to reduce the regulatory speed limit * * * in the area where the accident occurred".

Significantly, no evidence was offered that speed was a factor in the accident or that the regulatory speed limit at the accident site was excessive, a matter of expert opinion *(see,* Richardson, Evidence § 367 [Prince 10th ed]) which, if valid, could be established without further discovery. Reich's allegations fit neatly within the category of "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" *(Zuckerman v City of New York,* 49 NY2d 557, 562), insufficient to defeat a motion for summary judgment. Moreover, we have previously held that, in the absence of actual control over a highway, neither Vehicle and Traffic Law § 1622 (permitting the request that a speed limit be established) nor § 1682 (permitting the placement of traffic-control devices) will create a duty *(see, Ossmer v Bates,* 97 AD2d 871,

872; *see also, DiStefano v Donahue,* 124 AD2d 322). The case of *Scheemaker v State of New York* (70 NY2d 985), which merely recognizes the State's duty with respect to its own highways, over which it clearly has responsibility and control, is irrelevant to the issues here. For the foregoing reasons, Supreme Court properly granted the town's motion for summary judgment.

Order and judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.