■ JOSEPH D. PESKO, an Infant, by FRANK PESKO, His Father, et al., Respondents, v TOWN OF ULSTER, Appellant, et al., Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 16, 1988 in Ulster County, which denied defendant Town of Ulster's motion for summary judgment dismissing the complaint and cross claim against it.

Plaintiff Joseph D. Pesko (hereinafter plaintiff) suffered personal injuries as a result of a motorcycle accident on April 6, 1985. The accident occurred when plaintiff ran into a pile of bricks which were blocking North Street in defendant City of Kingston, Ulster County. Prior to running into the bricks on North Street, plaintiff had been traveling south on John Street in defendant Town of Ulster. John Street runs into and becomes North Street at the border between the town and the city. North Street had been closed 11 months before the accident by the city, which had placed the bricks on North Street to prevent vehicles from traveling on that part of the street. The town had kept John Street open in order to service residents living along it.

After filing a notice of claim, this action was commenced against the city and the town. Plaintiffs alleged that the town was negligent in failing to post warnings for motorists entering North Street from John Street. The town subsequently moved for summary judgment upon the grounds that the complaint failed to state a cause of action against it and that plaintiffs failed to comply with a local law requiring prior written notice of an alleged defective condition. The motion was denied. The town appeals.

A municipality is not responsible for alleged defects in a highway which it does not own or over which it does not exercise any control (DiStefano v Donahue, 124 AD2d 322, 323; Ossmer v Bates, 97 AD2d 871, 872; see, Frettoloso v Town of Harrison, 137 AD2d 489). In Nack v Town of Ghent (88 AD2d 1007), we held that the municipality which owns or

controls a highway has the exclusive duty to maintain the highway, including the responsibility to erect adequate warning signs wherever required. This responsibility applies even if the condition meriting a warning sign is near a municipal boundary and the sign would have to be placed in the neighboring municipality in order to afford adequate warning (supra). Here, it is undisputed that the bricks were placed by the city on a street located in the city. Nothing in the record indicates that the town was in any way involved in the placement of the bricks or exercised any control over the city street where the bricks were placed. Plaintiffs have failed to raise any issue of fact meriting trial with respect to the town. Accordingly, the motion for summary judgment dismissing the complaint against the town should have been granted.

Order reversed, on the law, without costs, motion granted, and complaint and cross claim against defendant Town of Ulster dismissed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.