■ CYNTHIA L. STAGNITTA, as Administratrix of the Estate of JOSEPH S. STAGNITTA, Deceased, and as Guardian of the Children of JOSEPH S. STAGNITTA, Respondent, v COUNTY OF ONONDAGA et al., Appellants, et al., Defendants.—Order unan-

imously reversed on the law without costs and appellants' motions granted. Memorandum: The court erred in denying summary judgment dismissing the complaint against the moving defendants, County of Onondaga and Town of Cicero. Plaintiff's decedent was a passenger in a vehicle operated by defendant Erardi when it was involved in a collision with a vehicle operated by defendant Scott Brutcher. The collision occurred on South Bay Road, just south of the intersection of Thompson Road in the Town of Cicero. Brutcher was northbound on South Bay Road, and Erardi had just turned south on that road after traveling east on Thompson Road.

Plaintiff has failed to meet her burden of showing the existence of a factual issue requiring trial by evidentiary proof in admissible form (see, CPLR 3212; *Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425-426; *Zuckerman v City of New York,* 49 NY2d 557). Plaintiff submitted an expert's affidavit raising factual issues with respect to the road conditions, but addressing the causal connection between those conditions and the accident in wholly conclusory terms. Although plaintiff's complaint alleged various defects in the roadways, the county submitted an expert's affidavit refuting each of them. Further, the EBT testimony of the drivers indicated that they were both familiar with the intersection and that the accident was not caused by any defect in it.

The town's motion was based on proof that it does not own, control or maintain the roads involved or the intersection. Plaintiff offered no proof to the contrary. Plaintiff has failed to raise any factual issue which would show that the town owned or controlled the roads or the intersection, and the town therefore, is entitled to summary judgment (see, *Nurek v Town of Vestal,* 115 AD2d 116, 117; *Ossmer v Bates,* 97 AD2d 871; see also, *Foehner v Bauer,* 126 AD2d 941, 942). (Appeals from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Lawton, JJ.