■ JUDITH PITTEL et al., Respondents, v TOWN OF HEMPSTEAD, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of Hempstead appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 28, 1988,

which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as it is asserted against the Town of Hempstead is dismissed, and the action against the remaining defendant is severed.

The plaintiffs commenced this action against the County of Nassau and the Town of Hempstead to recover damages incurred when the plaintiff Judith Pittel tripped and fell over a pothole in the crosswalk of Ellison Avenue, which is owned and maintained by the town. The plaintiffs' expert concluded that the pothole was caused by the negligent paving over of an abandoned fuel oil pipe fitting or cap which, over time, undermined the road surface.

The crosswalk at issue was part of a private road that had been paved by the owner and then dedicated to the town for use as a public highway. By resolution of the Town Board of the Town of Hempstead, the dedication was accepted on November 26, 1974, after the Commissioner of Highways of the Town of Hempstead certified that the roadway had been improved in accordance with the town's specifications for highways. From the date the town accepted the dedication until the plaintiff's accident, the town never repaved or repaired the dedicated roadway. Based on these undisputed facts, the town moved for summary judgment dismissing the complaint insofar as it is asserted against it, on the ground the town did not receive prior written notice of the pothole, a highway defect, as required by Hempstead Town Code § 6-1.

The prior written notice law insulates the town from liability for defects in highways which are the result of nonfeasance (Barry v Niagara Frontier Tr. Sys., 35 NY2d 629). However, liability will attach without prior written notice if the injury was produced by a dangerous condition caused or created by the town (Zigman v Town of Hempstead, 120 AD2d 520; Drzewiecki v City of Buffalo, 51 AD2d 870; D'Imperio v Village of Sidney, 14 AD2d 647, affd 12 NY2d 927).

Since the plaintiffs could not dispute the lack of prior written notice, they opposed the town's motion by contending that the pothole was caused by the town's affirmative negligence. It is noteworthy that the plaintiffs do not allege that compliance with the town's highway specifications would result in a defectively designed highway. Instead, the gravamen of the plaintiffs' claim is that before the town would accept a dedication of a private roadway for use as a town highway, it

undertook a duty to inspect the improvements made to the private road by a prospective dedicator to ascertain if the improvements complied with the town's highway specifications, that the inspection was in furtherance of the town's proprietary duty to maintain the safety of its highways, and that the town negligently performed the inspection.

The distinction between active and passive negligence is "elusive and difficult of fair application" *(Dole v Dow Chem. Co.,* 30 NY2d 143, 147). When a municipal corporation does some affirmative act which causes the injury or which sets in motion a chain of events leading to the injury, the municipality is liable for affirmative negligence because it has created a new risk of harm to the plaintiff *(see generally,* Prosser and Keeton, Torts § 56 [5th ed]; *see, e.g., Crandall v City of Amsterdam,* 254 App Div 39, *affd* 280 NY 527; *Bonesteel v Fitzgerald Bros. Constr. Co.,* 86 AD2d 715; *Siddon v Fishman Co.,* 65 AD2d 832; *Muszynski v City of Buffalo,* 33 AD2d 648, *affd* 29 NY2d 810).

In this case, the plaintiffs' allegations constitute nonfeasance rather than affirmative negligence. Many private roads are used by the public without becoming public highways. As a general rule, before an acceptance by the municipal body, either formally or impliedly, the municipal body is subject to no duty or liability by reason of a dedication *(see, Putnam Val. Lbr. & Supply Corp. v Duell,* 82 NYS2d 407, 409; *see generally,* 43 NY Jur 2d, Dedication, § 17; 26 CJS, Dedication, § 55; *cf., Bonesteel v Fitzgerald Bros. Constr. Co.,* 86 AD2d 715, *supra).* By undertaking a duty to inspect the improvements made to a dedicated roadway prior to accepting the dedication, the town did not make the alleged negligently paved roadway any worse, but merely failed to benefit the plaintiff by discovering a defective condition.

Moreover, when a municipality acts in its proprietary capacity and undertakes a duty to make reasonable inspections to detect dangerous conditions, the failure to make a diligent inspection constitutes negligence only if the inspection would have disclosed the defect *(see, De Witt Props. v City of New York,* 44 NY2d 417, 424; *Monroe v City of New York,* 67 AD2d 89). In this case, the defect was latent at the time the town inspected the dedicated roadway. The abandoned pipe fitting in the roadbed had been paved over by the prospective dedicator, hiding a condition which allegedly undermined the road surface. Therefore, it was incumbent upon the plaintiff to come forward with evidentiary proof that the town had some warning of this latent defect at the time of inspection. Absent

such proof, the town, as a matter of law, had no duty, as part of a reasonable inspection, to tear up the improved roadway *(see, e.g., De Witt Props. v City of New York, supra; Monroe v City of New York, supra).* Accordingly, the town's motion for summary judgment dismissing the complaint insofar as it is asserted against it should have been granted. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.