■ ALAN LEDET, Individually and as Parent and Natural Guardian of MARISSA LEDET, an Infant, et al., Respondents, v JACQUELINE BATTLE, Respondent, and TOWN OF SODUS, Appellant. [647 NYS2d 601] —Order unanimously reversed on the law without costs, motion granted and complaint and cross claims against defendant Town of Sodus dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Town of Sodus (Town) for summary judgment dismissing the complaint and cross claims against it. This action arose out of an accident that occurred on September 7, 1991 at the intersection of Route 104 and Pratt Road in the Town. Plaintiff Alan Ledet was driving his automobile west on Route 104 and defendant Jacqueline Battle was driving her father's pickup truck south on Pratt Road. Route 104 is a State highway and Pratt Road is a Town road. Although Battle testified at her deposition that she had stopped at the stop sign controlling traffic on Pratt Road before entering the intersection, she pleaded guilty to running the stop sign. The Town's Highway Superintendent testified at a deposition that the Town does not control or maintain the traffic signs at or near the intersections of Town roads and Route 104, and that those intersections are under State jurisdiction.

Although a municipality owes a duty to the traveling public to keep its highways in a reasonably safe condition, such duty extends only to the area of those highways that the municipality owns or controls (*see, Nurek v Town of Vestal,* 115 AD2d 116, 116-117). Under the Vehicle and Traffic Law, the State Department of Transportation has jurisdiction over all State highways and the obligation to maintain and sign "any highway intersecting or meeting a state highway maintained by the state for a distance not exceeding one hundred feet

from such state highway" (Vehicle and Traffic Law § 1621 [a]; *see,* Vehicle and Traffic Law § 1681 [a]; *Miller v Tuchols,* 90 AD2d 957, 958). "Nothing contained in [Vehicle and Traffic Law] section 1682 grants local authorities the right, or imposes upon them the duty, to regulate traffic on state highways or roads intersecting State highways" (*Miller v Tuchols, supra,* at 958).

The fact that the Town passed a resolution regarding the need to request that safety measures be taken with respect to unspecified unsafe conditions at the intersection and requested in a letter to the New York State Department of Transportation five years before this accident that some safety measures be taken did not impose upon the Town any duty with respect to the intersection (*see, Hough v Hicks,* 160 AD2d 1114, 1116-1117, *lv denied* 77 NY2d 802; *Miller v Tuchols, supra,* at 958). Even assuming that the Town had thereby assumed the duty to maintain the intersection, plaintiffs failed to specify in admissible form what, if any, defect the Town failed to cure that caused or contributed to the accident (*see, Donato v County of Schenectady,* 156 AD2d 859, 861; *Nurek v Town of Vestal, supra,* at 117; *Pontello v County of Onondaga,* 94 AD2d 427, 430, *lv dismissed* 60 NY2d 560). (Appeal from Order of Supreme Court, Wayne County, Strobridge, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.