■ CATHERINE KOVALSKY et al., Respondents, v VILLAGE OF YAPHANK et al., Defendants, and TOWN OF BROOKHAVEN, Appellant. [652 NYS2d 314] —In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 25, 1995, as denied its cross motion to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint and all cross claims insofar as asserted against the appellant are dismissed.

On October 14, 1988, the infant plaintiffs sustained injuries as a result of an automobile accident, which occurred at the intersection of two County roads. This action to recover damages for personal injuries was commenced on their behalf against the Hamlet of Yaphank, sued here as the Village of Yaphank, the County of Suffolk (hereinafter the County) and the appellant Town of Brookhaven (hereinafter the Town). The plaintiffs alleged that the defendants were negligent in their supervision, control, inspection, repair, and maintenance of the subject roadways. The Town cross-moved to dismiss the complaint and all cross claims insofar as asserted against it, on the ground that it did not own or control the County roads in question. The Supreme Court denied the cross motion on the ground that there existed issues of fact with respect to the maintenance and ownership of the subject roadways. We disagree.

A municipality will not be held liable for the negligent design or maintenance of a roadway it does not own or control in any way *(see, Ossmer v Bates,* 97 AD2d 871). Here, the evidence proffered by the Town established that the County was responsible for the maintenance and repair of the intersection in question. Furthermore, the Vehicle and Traffic Law extends County authority to all County roads (Vehicle and Traffic Law § 1651; *see also,* Suffolk County Administrative Code, art VIII, § A8-1; *Silver v Cooper,* 199 AD2d 255). Although sections of the Vehicle and Traffic Law give towns certain rights with respect to all roads, including County roads, none of these sections establish an affirmative duty of the Town to maintain any County road *(see, DiStefano v Donahue,* 124 AD2d 322). In the absence of any evidence that the Town owns or controls the subject roads, its motion should have been granted.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.