ROGER HORVATH, Respondent, v LEE D. ROSE, Respondent, TOWN OF CARMEL, Appellant, et al., Defendant. [690 NYS2d 88] —In an action to recover damages for personal injuries, the defendant Town of Carmel appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated February 27, 1998, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On the afternoon of July 11, 1994, the defendant Lee Rose parked his vehicle in an angled parking space on Route 6N in the Town of Carmel. When Rose backed out of the parking space across the eastbound lane of Route 6N and into the westbound lane, he collided with the plaintiff's motorcycle. The plaintiff subsequently commenced this action against, *inter alia*, both Rose and the Town, alleging that the Town had negligently implemented and maintained a design for angle parking on Route 6N, rather than a safer parallel parking design.

On appeal, the Town contends that the Supreme Court erred in denying its motion for summary judgment because there is no evidence that it exercised authority or control over the parking design along Route 6N, which is a State highway. We agree. A municipality has a duty to maintain its highways in a reasonably safe condition, free from conditions which could rea-

sonably be expected to result in injury and damages to the public (*see, Ledet v Battle,* 231 AD2d 884; *Nurek v Town of Vestal,* 115 AD2d 116, 117). However, this duty extends only to the area of the highway that the municipality actually owns or controls (*see, Ledet v Battle, supra; Nurek v Town of Vestal, supra; see also, Kovalsky v Village of Yaphank,* 235 AD2d 459).

Here, while the record contains correspondence indicating that the Town asked the New York State Department of Transportation (hereinafter the DOT) not to implement a change from angled to parallel parking in 1984, the ultimate responsibility for determining the parking design on Route 6N remained with New York State. In addition, a 1987 letter from the DOT advising the Town that it could apply for a work permit to repaint the angle pavement markings along Route 6N does not indicate that the State ceded authority over the parking design to the Town, or that the Town assumed a duty over the maintenance of angled parking on Route 6N. Under these circumstances, the Town cannot be held liable on the theory that it implemented and maintained an unsafe parking design on Route 6N (*see, Ledet v Battle, supra; Hough v Hicks,* 160 AD2d 1114; *cf., Ham v Giffords Fuel Oil Co.,* 235 AD2d 457).

In light of our determination, we need not address the Town's remaining contentions. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.