■ CHARLES LEE, Respondent, v BETHEL FIRST PENTECOSTAL CHURCH OF AMERICA, INC., Appellant, and EUGENE MIGLIONICO

et al., Respondents. [762 NYS2d 80] —In an action to recover damages for personal injuries, the defendant Bethel First Pentecostal Church of America, Inc., appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 18, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On March 19, 1996, the defendant Bethel First Pentecostal Church of America, Inc. (hereinafter Bethel), purchased the subject premises from the defendants Eugene Miglionico and Gary Miglionico. On March 24, 1996, there was a fire in the plaintiff tenant's apartment. A fire investigation revealed that the fire started on the ground floor and rapidly spread to the second floor. The plaintiff claims that his injuries were caused when he was trapped in an upstairs bedroom by the rapid spread of the fire up the stairs, which was facilitated by the absence of drywall behind the wood paneling in the stairwell. Bethel moved for summary judgment, contending that it had no actual or constructive notice of the allegedly defective condition. It contended that the allegedly defective condition was a preexisting latent defect which it did not have a reasonable amount of time to discover and remedy. The Supreme Court denied the motion, finding the existence of triable issues of fact. We disagree.

It is well settled that an owner of premises cannot be held liable for injuries caused by an allegedly defective condition unless the plaintiff establishes that it either created or had actual or constructive notice of the condition (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). To constitute constructive notice, the defect must be visible and apparent and it must exist for a sufficient length of time before the accident to permit the defendant an opportunity to discover and remedy it (see Gordon v American Museum of Natural History, supra at 837; Bean v Ruppert Towers Hous. Co., 274 AD2d 305, 308 [2000]).

In response to the defendant's prima facie showing that it had no actual or constructive notice of the condition, the plaintiff failed to establish the existence of a triable issue of fact. There is no evidence that Bethel created or had actual notice of the condition underlying the stairwell paneling. Nor may Bethel be charged with constructive notice, as the defect

was not "visible and apparent" (*Gordon v American Museum of Natural History, supra*). The plaintiff's assertion that Bethel was negligent in failing to inspect the premises and discover the defect is without merit. "[C]onstructive notice will not be imputed where the defect is latent, i.e., where, as here, the defect is of such a nature that it would not be discoverable even upon a reasonable inspection" (*Ferris v County of Suffolk,* 174 AD2d 70, 76 [1992]; *see also Bean v Ruppert Towers Hous. Co., supra*). The "failure to make a diligent inspection constitutes negligence only if such an inspection would have disclosed the defect" (*Monroe v City of New York,* 67 AD2d 89, 96 [1979]; *see Pittel v Town of Hempstead,* 154 AD2d 581 [1989]). A visual inspection of the subject premises would not have disclosed the defect, since it was hidden by the plywood paneling. In the absence of a warning about the existence of the latent defect, there was no duty to remove the paneling to discover what lay beneath it (*see Monroe v City of New York, supra; Pittel v Town of Hempstead, supra*). Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.