■ LINDA D. MISEK-FALKOFF et al., Appellants, v METROPOLI-
TAN TRANSIT AUTHORITY (MTA) et al., Defendants, and TOWN OF
BEDFORD et al., Respondents. [843 NYS2d 155]—

In an action, inter alia, to recover damages for negligent inflic-
tion of emotional distress, the plaintiffs appeal, as limited by
their brief, from so much of an order of the Supreme Court,
Westchester County (LaCava, J.), entered August 18, 2006, as
granted that branch of the motion of the defendant County of
Westchester which was to dismiss the complaint insofar as as-
serted against it for failure to comply with General Municipal
Law §§ 50-e, 50-h, and 50-i and granted that branch of the mo-
tion of the defendant Town of Bedford which was to dismiss the
complaint insofar as asserted against it pursuant to CPLR 3211
(a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from,
with costs.

The Supreme Court properly granted that branch of the mo-
tion of the defendant County of Westchester which was to
dismiss the complaint insofar as asserted against it for failure
to comply with General Municipal Law §§ 50-e, 50-h, and 50-i.
A party who has failed to comply with General Municipal Law
§ 50-h is generally precluded from commencing an action against
a municipality (see *Bernoudy v County of Westchester,* 40 AD3d
896 [2007]; *Zapata v County of Suffolk,* 23 AD3d 553, 554
[2005]). Contrary to the plaintiffs' contentions, the plaintiff
Linda D. Misek-Falkoff did not offer a sufficient reason, nor did
she allege any exceptional circumstances that would excuse her
from complying with General Municipal Law § 50-h (see *Arcila
v Incorporated Vil. of Freeport,* 231 AD2d 660, 661 [1996]; cf.
*Hur v City of Poughkeepsie,* 71 AD2d 1014 [1979]; *Belton v Lib-
erty Lines Tr.,* 3 AD3d 334 [2004]). The plaintiff Adin D. Falkoff,
who alleged a derivative loss of consortium claim in the
complaint, neither filed a separate notice of claim nor included
his claim in Misek-Falkoff's notice of claim. Thus, he failed to
comply with the conditions precedent for suit contained in Gen-
eral Municipal Law §§ 50-e, 50-h, and 50-i.

Even if the plaintiffs had complied with General Municipal
Law §§ 50-e, 50-h, and 50-i, the County nonetheless established
its entitlement to dismissal of the complaint on the alternative
ground that it neither owned, controlled, nor assumed an affir-
mative duty to maintain the Saw Mill River Parkway (hereinaf-
ter the parkway), the parkway off-ramp at the Green Lane exit,
or the railroad crossing where the incident is alleged to have oc-

curred. Thus, the County cannot be held liable (*see Ernest v Red Cr. Cent. School Dist.,* 93 NY2d 664, 675 [1999]; *Carlo v Town of E. Fishkill,* 19 AD3d 442, 443 [2005]; *Horvath v Rose,* 261 AD2d 438, 439 [1999]; *Kovalsky v Village of Yaphank,* 235 AD2d 459, 460 [1997]).

The Supreme Court also properly granted that branch of the motion of the defendant Town of Bedford which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and (7). The Town established that it neither owned, controlled, nor assumed an affirmative duty to maintain the parkway, the parkway's off-ramp at the Green Lane exit, or the railroad crossing where the incident allegedly occurred. While Green Lane itself is a Town road, the Town established, and the plaintiffs conceded, that Green Lane commences on the eastern or far side of the railroad tracks. The alleged incident occurred prior to Misek-Falkoff's vehicle ever reaching Green Lane. Under these circumstances, the Town cannot be held liable (*see Horvath v Rose,* 261 AD2d at 439; *Kovalsky v Village of Yaphank,* 235 AD2d at 460).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.