[892 NYS2d 846]

BANK OF AMERICA, N.A., Successor by Merger to LaSALLE BANK N.A., as Trustee for WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2006-3 TRUST, Plaintiff, v MARCOS GUZMAN et al., Defendants.

Supreme Court, Queens County, December 18, 2009

APPEARANCES OF COUNSEL

*Rosicki, Rosicki & Associates, P.C.*, for plaintiff. *Stiene & Associates, P.C.* (*Charles Stiene* of counsel), for defendants.

## OPINION OF THE COURT

AUGUSTUS C. AGATE, J.

This is an action by plaintiff to foreclose on a mortgage on real property located at 91-10 98th Street, in Woodhaven, Queens. Plaintiff is the holder of the subject mortgage and note through an assignment. Plaintiff contends that defendants Marcos Guzman and Nilda Guzman defaulted in making payments on the subject mortgage beginning on October 1, 2008. Defendants now seek to dismiss the complaint on various grounds, including the plaintiff's failure to comply with RPAPL 1304. Plaintiff cross-moves for leave to amend the complaint.

Effective September 1, 2008, the Legislature enacted RPAPL 1304, as part of legislation intended to protect homeowners in foreclosure. RPAPL 1304 requires a lender or mortgage loan servicer, with respect to high-cost home loans, subprime home loans or non-traditional loans, to send a notice to a borrower at least 90 days before commencing a legal action, including a foreclosure action, against the borrower. This notice, thus, is a condition precedent to the commencement of a foreclosure action. The notice must be in the form prescribed in the statute and contain the warning "YOU COULD LOSE YOUR HOME." The notice must also provide information regarding assistance for borrowers who are facing financial difficulty. (RPAPL 1304 [1].) Under the statute, the notice is to be sent to the borrower by registered or certified mail and by first class mail to the last known address of the borrower. (RPAPL 1304 [2].) A defendant may raise the failure to comply with RPAPL 1304 as a defense in a foreclosure action. (RPAPL 1302 [2].)

In the case at bar, defendants maintain that the plaintiff has failed to comply with the notice requirements of RPAPL 1304. This action was commenced on June 22, 2009 and, thus, the notice requirements of RPAPL 1304 apply if this case involves high-cost, subprime or nontraditional loans. Plaintiff, in opposition, does not dispute that RPAPL 1304 is applicable to this action. Plaintiff also fails to unequivocally aver compliance with RPAPL 1304 or submit any documentary proof that the requirements of the statute were satisfied. Rather, plaintiff merely avers, in opposition, that defendants' argument that plaintiff has not complied with RPAPL 1304 is "insufficient to warrant the dismissal of plaintiff's complaint."

This court disagrees with the plaintiff's position. The court finds that the language of the statute is clear in requiring the service of the 90-day notice. (*See* RPAPL 1304 [1] [stating that "(the) lender . . . or mortgage loan servicer *shall* give notice to the borrower" (emphasis added)].) Inasmuch as the plaintiff has failed to comply with this condition precedent, the action must be dismissed. (*See e.g. Troy v Town of Hyde Park*, 63 AD3d 913 [2009]; *Misek-Falkoff v Metropolitan Tr. Auth. [MTA]*, 44 AD3d 629 [2007].) In reaching this decision, the court is not unmindful of the Legislature's goal of assisting homeowners facing foreclosure when it enacted this new provision of the RPAPL. It would be against the spirit of the legislation were this court to allow the action to proceed in the absence of the requisite notice.

Accordingly, this motion by the defendants to dismiss the complaint is granted, and the action is dismissed.

The cross motion by the plaintiff is denied as moot.