■ PAUL M. SCHULMAN, Individually and as Administrator of the Estate of SHEILA SCHULMAN, Deceased, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Zelman, J.), entered November 7, 1990, which, upon an order of the same court, dated October 18, 1990, granting the defendant's application for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In order to establish a prima facie case of negligence, a plaintiff must first demonstrate the existence of a duty owed by the defendant to the plaintiff *(Solomon v City of New York,* 66 NY2d 1026, 1027; *Bauer v Town of Hempstead,* 143 AD2d 793, 794).* In this case, since the City did not own the roadway on which the accident involving the plaintiff's decedent occurred, it had no duty to warn users of the roadway of known dangers on it *(see, Ossmer v Bates,* 97 AD2d 871), and therefore presented a prima facie defense to liability on its part with respect to the plaintiff's allegations of negligent maintenance of the roadway *(see, Hough v Hicks,* 160 AD2d 1114, 1116). Although the plaintiff argues that the City undertook a duty of maintenance over the roadway, it failed to introduce any evidence in opposition to the City's motion for summary judgment that the duty of maintenance undertaken by the

City concerned the specific allegations of negligence made by the plaintiff, *i.e.,* the failure to post warning signs or "groove" the roadway. Having not undertaken a duty with respect to that maintenance, the City cannot be held liable for the failure to provide it *(see, Bauer v Town of Hempstead,* 143 AD2d 793, 794, *supra).*

Finally, we note that since the Supreme Court denied the plaintiff's motion for reargument of the motion for summary judgment and neglected to address the plaintiff's request that the papers submitted along with the reargument motion be included in the record on appeal, those papers were not properly before us and we have not considered them. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.