■ ESTATE OF CONSTANTINE KONSTANTATOS, Deceased, by STAVROS KONSTANTATOS, as Administrator, et al., Respondents, v COUNTY OF SUFFOLK, Appellant, et al., Defendants. [618 NYS2d 90] —In an action to recover damages for wrongful death, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered February 26, 1993, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

On July 27, 1986, the plaintiff's decedent died in a two-car collision which occurred at the intersection of Routes 347 and 454, two State roads located in Suffolk County. Approximately two hours prior to occurrence of the accident, electrical power in the area had been interrupted as a result of severe

weather. This resulted in the malfunction of traffic signals in the area, including the signal located at the intersection where the accident occurred. Because of the power failure, the Suffolk County Police Department assigned certain personnel to direct traffic at various intersections in the area, but no personnel were assigned to the intersection in question.

The plaintiff's estate brought suit against, *inter alia,* the County of Suffolk, alleging that the County was negligent in failing to assign officers to direct traffic at the intersection where the plaintiff's decedent was killed. The County moved for summary judgment, arguing that it neither owned nor maintained either the roadways or the traffic signal, and that it did not otherwise owe a special duty to the plaintiff's decedent. The Supreme Court denied the motion, holding that there is an issue of fact as to whether or not "the Police Department's assumption of traffic control on the night in question created a special duty to plaintiff's decedent and that its performance failed to meet the standard of ordinary care". We now reverse.

"In order to establish a prima facie case of negligence, a plaintiff must first demonstrate the existence of a duty owed by the defendant to the plaintiff" *(Schulman v City of New York,* 190 AD2d 663; *see also, Solomon v City of New York,* 66 NY2d 1026, 1027; *Bauer v Town of Hempstead,* 143 AD2d 793, 794). In the case at bar, the plaintiff has not demonstrated any duty which was owed by the County to the plaintiff's decedent.

It is undisputed that the accident occurred at the intersection of two State roads. Accordingly, the statutory duty to maintain the roadways as well as the traffic signal located thereon falls upon the State of New York *(see,* Vehicle and Traffic Law § 1681; *see generally,* Highway Law § 10 [5]). We reject the plaintiff's contention that the County may be subject to liability on the theory that it controls the roadways in question by virtue of the fact that its agents, County Police personnel, regularly patrol these roadways for purposes of enforcing traffic regulations. Taken to its logical conclusion, the plaintiff's argument would render a municipality responsible in tort for the consequences of any condition existing on a roadway which it neither owns, designs, maintains, controls or repairs, simply because it enforces traffic regulations there. Such a result would render meaningless the State's statutory responsibility for maintenance of its roadways and the traffic control devices located thereon. Consequently, since the County did not own the roadways or maintain the traffic signal, it owed no duty to the plaintiffs' decedent to warn him

of any dangerous condition existing on the roadway *(see, Schulman v City of New York,* 190 AD2d 663, *supra; Ossmer v Bates,* 97 AD2d 871; *Cuddy v Murdock,* 84 AD2d 744).

Nor have the plaintiffs demonstrated that the County owed any special duty to the plaintiffs' decedent. In order to establish the existence of a special duty, it is necessary to demonstrate, *inter alia,* an assumption by the municipality, through promises or action, of an affirmative duty to act on behalf of the party who was injured, and that party's justifiable reliance on the municipality's undertaking *(see, Cuffy v City of New York,* 69 NY2d 255, 260; *see also, Shinder v State of New York,* 62 NY2d 945, 946). In the case at bar, the mere fact that the County chose to deploy police personnel at some intersections on the night in question is not tantamount to the County's assumption of an affirmative duty to act on behalf of the plaintiffs' decedent. Indeed, no police personnel were ever directing traffic at the intersection where the accident occurred. Moreover, the plaintiff has failed to demonstrate that the decedent in any way relied upon any action the County may have undertaken that night.

Therefore, under the facts of this case, we conclude that the County owed no duty to the plaintiffs' decedent, and absent any duty, there can be no liability *(see, Solomon v City of New York, supra; Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 300; *Bauer v Town of Hempstead, supra).* Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.