DORIS WHITFORD, Respondent, v TOWN OF STONY CREEK et al., Appellants, et al., Defendants. [644 NYS2d 444] —White, J.

While attending a funeral on May 5, 1993 held in Harris Cemetery in the Town of Stony Creek, Warren County, plaintiff sustained personal injuries when the die portion of a tombstone* toppled upon her. Subsequently, she brought this negligence action against the Town of Stony Creek, the funeral director, Craig Reukauf (owner of Brewer Funeral Home) and the preparers of the gravesite, Shiel Bourdeau Vault Company, Robert Shiel and Levi Bourdeau. Following discovery, defendants moved for summary judgment contending that they owed no duty to plaintiff. Supreme Court granted the motion by the gravesite preparers but denied motions by the Town, Reukauf and the funeral director, giving rise to this appeal.

To impose liability upon a defendant for a dangerous condition upon property, a plaintiff must show that the defendant owned, occupied, controlled or made special use of the property (see, *Warren v Wilmorite, Inc.*, 211 AD2d 904, 905; *Palmer v Prescott*, 208 AD2d 1065, 1066, *lv denied* 85 NY2d 804). Insofar as Reukauf and the funeral home are concerned, the record conclusively establishes that none of these factors are present. Accordingly, Supreme Court should have granted his motion.

Turning to the Town's motion, as there is no proof establishing the Town's ownership of Harris Cemetery, the dispositive issue is whether the maintenance obligation imposed upon it by Town Law § 291 (1) exposes it to liability in this instance. We conclude that it does not because the statute does not require a town to maintain tombstones as it specifically limits the Town's obligation to removing grass and weeds from a cemetery and, in certain instances, to erecting fences around it (see, *Schulman v City of New York*, 190 AD2d 663; *Bauer v Town of Hempstead*, 143 AD2d 793, 794). We further note that there is no evidentiary proof that the Town voluntarily undertook the task of maintaining the tombstones in Harris Cemetery.

---

* Tombstones are comprised of two parts, a base and a monument, called a die, that is set upon the base (see, *Hawkins v William F. Regan, Inc.*, 39 AD2d 908, 909).

Therefore, as our analysis leaves no basis upon which liability may be asserted against the Town, Supreme Court erred in denying its motion for summary judgment.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Brewer Funeral Home, Craig Reukauf and the Town of Stony Creek; motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.