■ EDLYN R. HYNES, Appellant, v TOWN OF CORNWALL et al., Respondents. [651 NYS2d 147] —In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated October 4, 1995, which granted the defendants' motion for summary judgment dismissing the complaint. Justice McGinity has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

On March 13, 1993, the plaintiff's decedent, John G. Hynes, called the Town of Cornwall Police Department to determine whether Route 218, a New York State highway, had been closed due to snow conditions. The police dispatcher allegedly informed the decedent that Route 218 would be closing in approximately half an hour and allegedly gave the decedent cautionary advice. The plaintiff and the decedent proceeded to

drive on Route 218, where their vehicle became lodged in the snow. The decedent got out to dislodge the vehicle and was killed by a snow avalanche. The plaintiff commenced this action, claiming, *inter alia,* that the defendants owed a special duty to the decedent because of the telephone conversation. The defendants moved for summary judgment. The Supreme Court granted their motion and dismissed the complaint finding that the defendants had no duty to maintain the road and that no special duty was created. We agree.

It is undisputed that Route 218 is a State-owned and State-controlled road. Accordingly, the defendants had no duty to maintain Route 218 or to keep it safe (*see, Federoff v Camperlengo,* 215 AD2d 806; *Estate of Konstantatos v County of Suffolk,* 208 AD2d 889; *Schulman v City of New York,* 190 AD2d 663). Nor did the defendants assume such a duty by previously maintaining or repairing the road (*see, Federoff v Camperlengo, supra*).

Nor has the plaintiff demonstrated that the defendants owed any special duty to the decedent. In order to establish the existence of a special duty, it is necessary to show, among other things, that there was an assumption by the defendants, through promises or actions, of an affirmative duty to act on behalf of the decedent (*see, Cuffy v City of New York,* 69 NY2d 255, 260; *Estate of Konstantatos v County of Suffolk, supra,* at 891). The plaintiff must demonstrate that there is a duty to use due care for the benefit of the decedent and not just a duty owing to the general public (*see, Florence v Goldberg,* 44 NY2d 189, 195). The telephone conversation between the decedent and the police dispatcher merely involved an announcement providing cautionary advice to the general public (*see, Estate of Konstantatos v County of Suffolk, supra; Stilo v County of Nassau,* 122 AD2d 41). Therefore, under the facts of this case, we conclude that the defendants owed no special duty to the decedent, and, therefore, there can be no liability (*see, Schulman v City of New York, supra*). Accordingly, the complaint was properly dismissed.

The remaining contention is without merit. Miller, J. P., Altman, Krausman and McGinity, JJ., concur.