■ EARLEASE HAM et al., Appellants, v GIFFORDS FUEL OIL Co. et al., Respondents. [652 NYS2d 747] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 25, 1995, which, inter alia, denied their motion to strike the answer of the defendants County of Suffolk and Suffolk County Police Department, (2) an order of the same court, dated September 28, 1995, which modified the order dated September 25, 1995, and (3) an order of the same court, dated December 4, 1995, which granted the motion of the County of Suffolk and the Suffolk County Police Department for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeals from the orders dated September 25, 1995, and September 28, 1995, are dismissed as withdrawn by the plaintiffs; and it is further,

Ordered that the order dated December 4, 1995, is modified by deleting the provision thereof which granted summary judgment in favor of the County of Suffolk and substituting therefor a provision denying the motion as to that defendant; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the County of Suffolk.

This action arose out of an automobile collision at the intersection of a State road and a county road in Suffolk County on a rainy winter night when the traffic signal at the intersection was malfunctioning. The plaintiff Earlease Ham was seriously injured in the accident. She and her husband, the plaintiff Willie Ham, sought damages against, among others, the County of Suffolk and the Suffolk County Police Department (hereinafter the Police Department), claiming that their negligent failure to adequately control traffic at the intersection on the night in question was a direct cause of the accident.

After extensive discovery, the County and the Police Department moved for summary judgment, contending that the plaintiffs had failed to establish that they owed the plaintiffs a duty of care. The Supreme Court granted the motion, and dismissed the complaint and all cross claims insofar as asserted against them.

A county owes a general duty of care to the wayfarers on the roads it owns, controls, or maintains (see, Estate of Konstantatos v County of Suffolk, 208 AD2d 889, 890; Alberti v Rydill, 152 AD2d 520, 523). Here, although the State bore ultimate responsibility for the maintenance of the intersection and the traffic signal (see, Vehicle and Traffic Law § 1621 [a]; §§ 1684, 1652-b), the deposition testimony of Matthew Rankel, the Director of Traffic Safety for the Suffolk County Department of Public Works, clearly established that the County had conducted a traffic safety survey of the intersection in question and, as a result of that survey, had redesigned and rebuilt the intersection and installed the traffic signal in question. This evidence of control distinguishes the instant case from Estate of Konstantatos v County of Suffolk (supra), and renders inappropriate the granting of summary judgment to the County on the issue of the existence of a duty of care.

Although the plaintiffs have sought to recover damages resulting from the actions of the Police Department on the night in question, the record before us raises no triable issue of fact as to the independent liability of that defendant. Sum-

mary judgment in favor of the Police Department, therefore, was proper.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Santucci, Joy and Krausman, JJ., concur.