■ RICHARD T. MURRAY et al., Plaintiffs, v FRANCES E. WOLFF et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. TOWN OF BROOKHAVEN, Third-Party Defendant-Appellant. [660 NYS2d 732] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 11, 1996, which denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint and all cross claims are dismissed insofar as asserted against the third-party defendant Town of Brookhaven.

In order to establish a prima facie case of negligence, a plaintiff must first demonstrate the existence of a duty owed by the defendant to the plaintiff. In this case, the third-party defendant Town of Brookhaven did not own the private roadway on which the accident between the plaintiff Richard T. Murray and the defendant Frances E. Wolff occurred. Accordingly, the Town presented a prima facie defense to liability on its part with respect to allegations of negligent maintenance of the roadway *(see, Schulman v City of New York,* 190 AD2d 663; *Ossmer v Bates,* 97 AD2d 871). Although the third-party plaintiffs argue that a duty was created by virtue of the Town requiring the placement of certain signs on the private road as part of a site plan approval process (Town Law § 274-a), there was no evidence that the Town undertook the responsibility of erecting or maintaining these signs. Indeed, the Town's traffic engineer testified in his examination before trial that it was the responsibility of the owner and developer of the property to erect signs in accordance with the final approval plan, and to thereafter maintain the signs. Thus, not having undertaken a duty with respect to maintenance, the Town cannot be held liable for the failure to provide maintenance *(see, Schulman v City of New York, supra; cf., Alexander v Eldred,* 63 NY2d 460). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.