■ EVELYN D. GIACCIO, Respondent-Appellant, v 179 TENANTS CORP., Appellant-Respondent. [839 NYS2d 37]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered June 21, 2005, insofar as it denied defendant 179 Tenants Corp.'s motion for partial summary judgment dismissing the first cause of action sounding in negligence, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for trial on the remaining causes of action.

Plaintiff contends that heat produced over a long period by a hot water pipe under her living room floor caused the wood subflooring to convert to pyrophoric carbon and spontaneously ignite, destroying her apartment. However, given the lack of complaints about heat or burning smells emanating from the floors above the pipes or evidence of any pyrophoric carbon found under the floor wood in any of the other apartments on plaintiff's floor, plaintiff's prior complaints of fluctuating water temperatures could not have reasonably alerted defendant to the possibility of an unrelated fire hazard due to pyrolysis (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Absent actual or constructive notice of the latent defect, defendant had no duty to remove the floor wood "to discover what lay beneath it" (*Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]).

Plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced. Given an initial fire and incident report citing "combustible materials (electrical insulation)," a final report filed six months later indicating "combustible materials (the sofa, rug and wood floor)" as the source of the fire, and defendant's expert reports concurring that the fire started above the floor in the vicinity of plaintiff's sofa, plaintiff failed to demonstrate (1) that the fire is of a type that does not occur in the absence of negligence; (2) that the cause of the fire more likely occurred because of defendant's negligence in not inspecting the subflooring than any other cause; and (3) that the fire was not caused because of any voluntary action or contribution on

plaintiff's part (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Shaw v Bronfman*, 284 AD2d 267, 268 [2001], *lv dismissed* 97 NY2d 725 [2002]).

In view of the foregoing, we need not consider defendant's remaining contention. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.