■ EVELYN D. GIACCIO, Respondent, v 179 TENANTS CORP., Appellant. [845 NYS2d 328]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered June 21, 2005, which, insofar as appealed from as limited by the briefs, denied defendant 179 Tenants Corp.'s motion for partial summary judgment dismissing the first cause of action sounding in negligence, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for trial on the remaining causes of action.

Plaintiff contends that heat produced over a long period by a hot water pipe under her living room floor caused the wood subflooring to convert to pyrophoric carbon and spontaneously

ignite, destroying her apartment. However, given the lack of complaints about heat or burning smells emanating from the floors above the pipes, or evidence of any pyrophoric carbon found under the floorwood, in any of the other apartments on plaintiff's floor, plaintiff's prior complaints of fluctuating water temperatures could not have reasonably alerted defendant to the possibility of an unrelated fire hazard due to pyrolysis (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Absent actual or constructive notice of the latent defect, defendant had no duty to remove the floor wood "to discover what lay beneath it" (*Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]). Nor does the doctrine of res ipsa loquitur avail plaintiff to raise an inference of negligence where fire and incident reports and expert reports are conflicting as to how and where the fire started (*see Shaw v Bronfman*, 284 AD2d 267, 268 [2001], *lv dismissed* 97 NY2d 725 [2002]). Indeed, plaintiff's evidence does not even show that the fire was of a type that does not occur in the absence of negligence (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Shaw*, 284 AD2d at 268). In view of the foregoing, we need not consider defendant's remaining contention. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.

Reargument granted to the extent of recalling and vacating the decision and order of this Court entered on June 21, 2007 (41 AD3d 294 [2007]) and issuing a new decision and order in clarification thereof; leave to appeal to the Court of Appeals denied.