Vantroba v Zodiaco (2021 NY Slip Op 02438)





Vantroba v Zodiaco


2021 NY Slip Op 02438


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06781
 (Index No. 511613/16)

[*1]Catherine Vantroba, etc., respondent,
v
Rosario Zodiaco, et al., appellants, et al., defendants.


Milber Makris Plousadis & Seiden, LLP, White Plains, NY (James K. Baden of counsel), for appellants.
Hach & Rose LLP, New York, NY (Anthony Hirschberger and Michael A. Rose of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, etc., the defendants Rosario Zodiaco and Lucrezia Zodiaco appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 5, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Rosario Zodiaco and Lucrezia Zodiaco for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On March 26, 2016, a stovetop fire occurred in the kitchen of the apartment in which the plaintiff and her father resided. At the time of the accident, the apartment building was owned by the defendants Rosario Zodiaco and Lucrezia Zodiaco (hereinafter together the appellants). The plaintiff's father died as a result of smoke inhalation from the fire.
The plaintiff commenced the instant action against the appellants, among others, to recover damages for, among other things, wrongful death. The plaintiff alleged, inter alia, that the appellants were negligent in installing the gas stove, in failing to properly maintain the stove, and in creating a dangerous condition with respect to the stove, namely, a mechanical problem that would cause a burner on the back left of the stovetop to spontaneously ignite. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they did not create the condition alleged or have notice thereof. In an order dated April 5, 2019, the Supreme Court denied the motion.
In the context of premises liability, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (Walsh v Super Value, Inc., 76 AD3d 371, 375; see Jaklitsch v Kelly, 176 AD3d 792). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that "the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Walsh v Super Value, Inc., 76 AD3d [*2]at 375). Thus, in a premises liability case, a defendant real property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Croshier v New Horizons Resources, Inc., 185 AD3d 780; Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 982-983).
Here, on their motion for summary judgment, the appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the condition alleged by installing the stove and that they did not have actual or constructive notice of that condition. Contrary to the plaintiff's assertion, where, as here, there was nothing to arouse the appellants' suspicion that there was an issue with the subject stove prior to the accident, the appellants had no duty to inspect the stove (see Pommerenck v Nason, 79 AD3d 1716, 1717-1718; Appleby v Webb, 186 AD2d 1078, 1079; see also Sanders v Patrick, 94 AD3d 1514, 1516). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellants maintained the premises in a reasonably safe condition, including whether they breached any duty to inspect the stove after its installation.
The appellants' remaining contention is not properly before this Court, as it was raised for the first time on appeal in their reply brief (see Rodriguez v Sheridan One Co., LLC, 177 AD3d 801, 802).
Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court