Roland v Jackson Terrace Apts. (2021 NY Slip Op 04247)





Roland v Jackson Terrace Apts.


2021 NY Slip Op 04247


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13185
 (Index No. 606755/16)

[*1]Norwood Roland, appellant, 
v
Jackson Terrace Apartments, defendant, Terrace 100, L.P., respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Ira E. Goldstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered October 4, 2018. The order granted the motion of the defendant Terrace 100, L.P., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Terrace 100, L.P., for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff allegedly was injured when he slipped and fell on liquid on an interior staircase of an apartment building owned by the defendant Terrace 100, L.P. (hereinafter the defendant). The plaintiff commenced this personal injury action, and the defendant thereafter moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it neither created nor had notice of the alleged dangerous condition on the staircase. The Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant, in moving for summary judgment, had the burden of establishing its lack of notice, including lack of constructive notice (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendant failed to eliminate triable issues of fact as to whether it had constructive notice of the hazardous condition and a reasonable time to correct it (see Parietti v Wal-Mart Stores, Inc., 29 NY3d at 1137). In that respect, the deposition testimony of the defendant's witnesses as to their general cleaning and inspection practices, as well as the deposition testimony of a security supervisor surmising, based upon such general practices, when another security officer would have inspected the subject stairwell prior to the accident, was insufficient to [*2]demonstrate, as a matter of law, that the defendant lacked constructive notice of the hazardous condition (see Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Kravets v New York City Hous. Auth., 134 AD3d 678, 679).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's contention that he is entitled to sanctions for spoliation of evidence, raised for the first time on appeal, is not properly before this Court (see Vantroba v Zodiaco, 193 AD3d 1014, 1016).
In light of our determination, we need not reach the plaintiff's remaining contention.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court