Burke v Xiufei Chen (2026 NY Slip Op 01027)

Burke v Xiufei Chen

2026 NY Slip Op 01027

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11171
 (Index No. 519594/17)

[*1]Terrance Burke, respondent, 
vXiufei Chen, appellant.

Brian Rayhill, Elmsford, NY (Kathryn M. Cafaro and Kerrie Barry of counsel), for appellant.
Frekhtman & Associates (Law Office of Arnold DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated August 21, 2024. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In December 2016, the plaintiff, who rented an apartment from the defendant, allegedly was injured when, while cleaning his bathtub and holding a ceramic soap dish affixed to the wall for balance, a portion of the soap dish's tray broke. However, the remainder of the soap dish remained affixed to the wall.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. After discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that she did not create or have actual or constructive notice of the allegedly defective or dangerous condition. In an order dated August 21, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
In the context of premises liability, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (Walsh v Super Value, Inc., 76 AD3d 371, 375; see Basso v Miller, 40 NY2d 233, 241; Vantroba v Zodiaco, 193 AD3d 1014, 1015). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective or dangerous condition upon property, it must be established that "the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Vantroba v Zodiaco, 193 AD3d at 1015; Walsh v Super Value, Inc., 76 AD3d at 375). A defendant has constructive notice of a defective or dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendant established, prima facie, that she did not create or have actual notice of the allegedly defective or dangerous condition of the soap dish (see Vantroba v Zodiaco, 193 AD3d at 1015; Soto v New Frontiers 2 Hope Hous. Dev. Fund Co., Inc., 118 AD3d 471). The defendant testified at her deposition that she did not receive any complaints regarding the apartment. Although the plaintiff testified that he complained to the defendant about mold and cracks in the bathroom tile and ceiling, "[m]ere notice of a general or unrelated problem is not enough" (Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 500; see Wienges v Newburgh Mall, LLC, 94 AD3d 1110, 1110-1111; Giaccio v 179 Tenants Corp., 45 AD3d 454, 455). Moreover, the defendant established, prima facie, that she did not have constructive notice of the allegedly defective or dangerous condition of the soap dish because it was not "visible and apparent," and the existence of the alleged condition within the soap dish would not have been discoverable upon a reasonable inspection (see Gordon v American Museum of Natural History, 67 NY2d at 837; Arevalo v Abitabile, 148 AD3d 658, 660; Williams v Wal-Mart Stores, Inc., 10 AD3d 653; Lee v Bethel First Pentecostal Church of Am., 304 AD2d 798, 800). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the alleged defect in the soap dish was caused by mold or cracks in the tile surrounding it was no more than speculation (see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 857).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
The defendant's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court